(15 App. Div. 413.)

### FITZSIMONS et al. v. DROUGHT et al.

(Supreme Court, Appellate Division, First Department. March 19, 1897.)

LIS PENDENS—CANCELING NOTICE.

 Notice of lis pendens filed in a proper action may be canceled only where the circumstances enumerated in Code Civ. Proc. § 1674, exist.

Appeal from special term, New York county.

Action by Thomas P. Fitzsimons and another against William Drought and another to declare null and void a deed made by defendant William Drought to defendant Catharine Walsh, that plaintiffs be decreed to have an equitable lien on the premises so conveyed, and that the premises be sold. An interlocutory judgment on an order sustaining a demurrer to the complaint was entered December 15, 1896, and a final judgment dismissing the complaint was entered January 5, 1897. On January 5, 1897, an order was made to show cause why the notice of lis pendens should not be canceled, and on January 18th an order was made canceling the notice, and from said order plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

James P. Campbell, for appellants.

Albert W. Venino, for respondents.

VAN BRUNT, P. J. This action having been brought to recover a judgment affecting the title to real property, under section 1670 of the Code the plaintiff could file a notice of pendency of action; and this, irrespective of the question as to whether the action was well brought or not. In such a case the court has power to cancel the notice of pendency after the time to appeal from a final judgment in the action has expired; or the court may do so if the plaintiff unreasonably neglects to proceed with the action. It is undoubtedly true that, where a notice of pendency of action is filed in an action in which such filing is not authorized, the court may set it aside. But where such notice is filed in a proper action it would seem that the circumstances enumerated in the Code must exist before the court is authorized to act.

The motion in the case at bar was, therefore, prematurely made, and the order should be reversed, with $10 costs and disbursements, and the motion dismissed, without costs, and without prejudice to a renewal of the motion. All concur.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.