CHARLES BROX and Others, Respondents, *v.* WILLIAM B. RIKER, Appellant, Impleaded with WILLIAM H. RIKER.

Lis pendens — *canceled where the complaint does not state a cause of action specified in Code of Civil Procedure, section* 1670 — *that it prays for such judgment is not enough* — *as a public record the* lis pendens *is before the court* — *amended complaint.*

The court has no power to cancel a *lis pendens* filed in an action brought under section 1670 of the Code of Civil Procedure, because it is of the opinion from the allegations of the complaint that the action cannot be maintained for the purpose therein specified; if, however, there are no allegations in the complaint which would bring the action within the class specified in section 1670, the court should cancel the *lis pendens*, notwithstanding the fact that the complaint contains a demand for a judgment (entirely foreign to the cause of action alleged) of the character specified in that section.

A *lis pendens*, being a public record filed with the clerk of the court, is necessarily before the court on a motion to cancel it, and it is immaterial whether or not a copy thereof is presented to the court.

The filing of an amended complaint will not validate a *lis pendens* not authorized by the complaint as it existed when the *lis pendens* was filed.

The complaint, in an action brought by judgment creditors to set aside an alleged fraudulent transfer of a drug business, alleged that the fraudulent transferee was the owner of certain real property on Sixth avenue, in the city of New York, and that he had used a portion of the proceeds of the property fraudulently transferred in the payment of a mortgage upon the property, and asked that the plaintiffs be adjudged to have a lien upon the property for the amount so paid.

The complaint further alleged that the alleged fraudulent transferee was the owner of another piece of property on Seventy-fourth street, in the city of New York; that the equity in both properties, out of which the plaintiffs could satisfy a judgment against the alleged fraudulent transferee, did not exceed $5,000, and asked that in default of the payment of the judgment, both pieces of property be declared impressed with a lien in favor of the plaintiffs in a sum sufficient to pay the judgment.

*Held*, that the complaint did not justify a judgment impressing a lien upon the Seventy-fourth street property, and that a notice of *lis pendens* filed against that property should be canceled.

APPEAL by the defendant, William B. Riker, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of September, 1900, denying his motion to vacate and cancel a *lis pendens* filed in the action.

*John J. Adams,* for the appellant.

*John K. Creevey,* for the respondents.

INGRAHAM, J.:

The plaintiffs, as judgment creditors, brought this action to set aside the transfer of a certain drug business, and the goods, chattels, properties and effects belonging or appertaining thereto, made by defendant William H. Riker to the defendant William B. Riker as made with intent to hinder, delay and defraud the creditors of the assignor.

It is alleged in the complaint that William B. Riker was the owner in fee simple of certain real estate upon the westerly side of Sixth avenue in the city of New York, which was subject to a mortgage, and that William B. Riker, with the proceeds of the property so fraudulently transferred, paid a mortgage upon said property, and the complaint asks that it be adjudged that the plaintiffs have a lien upon said property for the amount so paid on account of the mortgage. It is also alleged that William B. Riker is the owner in fee simple of property known as 122 West Seventy-fourth street, New York city, which said property is mortgaged for the sum of $26,000; "that the equity in said properties does not exceed the sum of $5,000, out of which plaintiffs can satisfy their said judgment against the said defendant William H. Riker, sued upon herewith, or which can be reached by execution," and the complaint then asks judgment that in default of said William B. Riker paying the plaintiffs' said judgments the said real property known as 353 Sixth avenue and 122 West Seventy-fourth street, New York city, owned by the said William B. Riker be declared to be impressed with a lien in favor of the plaintiffs in a sum sufficient to pay said judgments; that said property be sold, and out of the proceeds thereof to fully pay off the said judgments sued upon herein, and that the defendants William B. Riker and William H. Riker be enjoined from transferring or otherwise disposing of said real estate.

At the time of the filing of the complaint the plaintiffs filed a notice of pendency of action, in which notice was given of the commencement of the action to have the real property No. 122 West Seventy-fourth street, owned by the defendant William B. Riker, "declared to be impressed with a lien in favor of the plaintiffs in

the amount of their judgment against the defendant William H. Riker." The defendant William B. Riker then made a motion to cancel and annul this pendency of action so far as it affects the Seventy-fourth street property; which motion was denied, and from the order denying that motion this defendant appeals.

If this notice of pendency of action cannot be canceled there has been invented a new method by which a plaintiff can, in substance, obtain an attachment against real property owned by a resident defendant; for if a creditor who has a claim against the owner of real property can, by inserting in his complaint in an action brought to recover a sum of money due from a defendant, an allegation that defendant has no other property with which to pay the claim sought to be enforced, ask that a lien for the amount of the demand be established upon such real property, and, by filing a notice of pendency of action, prevent a transfer of the property until he can get his judgment, he can have the real property held until a judgment is entered, which will become a lien upon it. Such a notice of pendency of action would be an abuse of the process and it cannot be that the court is helpless to correct it.

There is no allegation in the complaint which would justify a judgment giving to the plaintiffs a lien upon this Seventy-fourth street property. No portion of the plaintiffs' property alleged to have been fraudulently assigned or transferred was applied to this Seventy-fourth street property. The plaintiffs have no lien upon this particular real estate, legal or equitable, and no fact is alleged which would justify any judgment establishing or enforcing such a lien. Upon the complaint no judgment can be granted in any way affecting this real property, any more than there could be such a judgment if the action was upon a promissory note made by the defendants and which plaintiffs sought to enforce by having it declared to be an equitable lien upon real property owned by the defendants. By section 1670 of the Code of Civil Procedure the plaintiffs were authorized to file a notice of pendency of action in an action brought to obtain a judgment affecting the title to, or the possession, use or enjoyment of, real property. If a notice of pendency of action is filed in an action not brought to recover a judgment affecting the title to, use or enjoyment of, real property, the court can cancel the notice of pendency of action; but if the action is brought to recover

a judgment specified in this section of the Code, the court could only cancel the notice of pendency of action as provided for by section 1674 of the Code, namely, after the time to appeal from the final judgment in the action has expired, where the plaintiff unreasonably neglects to proceed with the action, or upon giving the security to pay the amount of the judgment or judgments sought to be enforced. (*Fitzsimons* v. *Drought*, 15 App. Div. 413.)

I think it must be apparent that upon a motion of this character the court cannot determine whether or not the action is well brought, or critically examine the complaint to see whether a demurrer to it would be sustained. If the object of the action is to recover a judgment specified in section 1670 of the Code, the court has no power to cancel the notice of pendency of action because it would be of the opinion from the allegations of the complaint that the action could not be maintained for that purpose. Where, however, the action is brought for an entirely different purpose than that specified in this section of the Code, having no possible relation to real property, and where there are no allegations in the complaint which would bring the action within the class of those which affect the title to real property, a mere demand for a judgment which is entirely foreign to the cause of action alleged, would not justify the plaintiff in filing the notice. Whether or not the action is brought to recover a judgment affecting the title to real property must be determined by the allegations of the complaint, and if no fact is alleged which would justify such a judgment, and where the complaint, as a whole, shows that the action is brought merely to enforce a personal obligation of the defendant which has no relation to the real estate described, it would seem to be clear that such an action is not one brought to recover a judgment affecting the title to real property. In this action the complaint alleges no facts which in any way connect this property with the transfer sought to be avoided. The complaint does allege a good cause of action to set aside a transfer of the drug business from one defendant to the other, and is not, therefore, demurrable; and while it may be that the allegations of this complaint would be sufficient to justify a judgment establishing a lien upon the Sixth avenue property — upon which question we express no opinion — it is not brought to recover a judgment affecting the title to the Seventy-fourth street property. The plaintiffs,

FIRST DEPARTMENT, DECEMBER TERM, 1900.          [Vol. 56.

therefore, were not entitled under section 1670 of the Code to file a notice of pendency of this action as affecting the Seventy-fourth street property, and the notice of pendency of action filed should have been canceled.    The nature of the action cannot be determined by the cause of action as described in the notice of pendency of action, and the description of the cause of action therein contained is entirely immaterial.   Nor would an amendment of the complaint have justified the court in maintaining the notice of pendency of the action filed when the original complaint was filed.   When such an amended complaint is filed the plaintiffs can, if a cause of action is therein alleged within section 1670 of the Code, file a notice of the pendency of the action which is set up in the amended complaint; but an amended complaint would not have validated a notice of the pendency of action which was unauthorized by the complaint as it existed when such notice was filed.   The question as to whether or not the notice of pendency of the action was before the court upon the hearing of the motion is not material.   Such notice was a public record, filed with the clerk of the court, and the motion that was made was to cancel it.   It would seem to have been necessarily before the court to enable the court to pass upon the question, and whether a copy of it was presented or not would appear to be immaterial; but assuming that it was before the court when the motion was made — and we accept the certificate of the judge before whom the motion was made — we think it clear that the court should have canceled it.

It follows that the order appealed from denying the motion to cancel the notice of the pendency of the action is reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs; the appeals from the orders upon the application to resettle the order appealed from are dismissed, without costs.

VAN BRUNT, P. J., O'BRIEN, MCLAUGHLIN and HATCH, JJ., concurred.

Order denying motion to cancel notice of pendency of action reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs; appeals from orders on application to resettle order appealed from dismissed, without costs.