## In re RIKER.

### (District Court, S. D. New York.   March 25, 1901.)

1. BANKRUPTCY—CREDITORS' SUIT IN STATE COURT—INTERVENTION—FEDERAL JURISDICTION OF INTERVENER.

Where pending a creditors' suit in a state court the debtor filed a bankruptcy petition, and the trustee in bankruptcy became the plaintiff in the creditors' suit to recover the fund for the benefit of all the creditors of the bankrupt, the holder of the title to the property sought to be recovered, by voluntarily appearing in the federal court and applying for an order allowing a sale of the property, which was granted on condition that the proceeds be paid to a trust company subject to the order of the court, thereby submitted himself to the jurisdiction of the federal court, so far as the enforcement of the conditions of the order were concerned.

2. SAME—DECISION OF STATE COURT—REVERSAL—EFFECT ON PROCEEDINGS IN FEDERAL COURT.

Where a creditors' bill to subject property of an alleged insolvent was brought in a state court, and thereafter the insolvent instituted bankruptcy proceedings, and the defendant in the state court voluntarily appeared and procured an order from the federal court authorizing the sale of the property on condition that the proceeds be held by a trust company subject to the federal court's order, the fact that an order subsequently granted by the state court authorizing the sale of the property, and requiring a deposit of the proceeds, and canceling a lis pendens, was reversed on appeal, was not ground for the vacation of the federal court's order requiring a deposit of the proceeds of the sale, where such vacation would deprive the trustee in bankruptcy of the entire fruits of the creditors' suit, in which he had been substituted as plaintiff for the benefit of all the creditors of the bankrupt.

In Bankruptcy. Application to vacate an order staying the payment of money deposited to await the result of a creditors' suit. Denied.

Joseph F. Perdue, for petitioner.
Creevey & Rogers, opposed.

BROWN, District Judge. This application is to vacate a stay granted in the above matter against the payment by the Title Guarantee & Trust Company to William B. Riker, father of the bankrupt, of the sum of $3,969.20, deposited with that company and claimed to belong to him.

At the time of the adjudication of the bankrupt a judgment creditors' bill was pending in the state court in behalf of Charles Brox and others, plaintiffs, against the bankrupt and his father, seeking to recover out of certain real estate in Seventy-Fourth street and in Sixth avenue, standing in the father's name, certain moneys of the bankrupt, which it was alleged in the complaint had been fraudulently invested therein. By subsequent arrangement it was agreed that the suit should be prosecuted for the benefit of the bankrupt's

creditors, and later the trustee in bankruptcy was substituted as plaintiff. A favorable opportunity for the sale of the premises in Seventy-Fourth street having arisen, an order of this court dated September 17, 1900, was entered upon the application of the father's attorneys, and consented to by all the other parties, for a sale of the premises (which had been prevented by a lis pendens filed at the time of the commencement of the action in the state court) on condition that the net proceeds of the property over all the incumbrances thereon, should be deposited in the Title Guarantee & Trust Company, under the title of the action in the state court, "to be paid out by said company only after and as directed by the judgment to be entered in said action after service of a certified copy thereof upon said company and assented to by the further order of this court in the premises upon and after like service of a certified copy of such order upon it."

An order was also obtained in the state court embracing the like authority, and also directing the notice of lis pendens to be discharged after the property had been sold and the net surplus amounting to $3,969.20 deposited in the trust company, all of which was afterwards done pursuant to the orders of the two courts. Various interlocutory and somewhat complicated proceedings have been taken in the cause, but no trial has been had, nor any judgment entered. The defendant William B. Riker, however, on the 1st day of March, 1901, obtained in the state court an order on motion only, directing the trust company to pay over to him the whole of the deposit, and he now asks for the removal of the stay in this court.

The sale and deposit of the fund in the trust company upon the conditions above stated, under the order of this court (as well as of the state court) which the defendant William B. Riker obtained upon his own voluntary application to this court, was a submission by him to the jurisdiction of the court, at least so far as respects the enforcement of the conditions of that order; and that renders unnecessary any further consideration of the prior proceedings. The conditions of the order of September 17th, so far as respects this court, have never been altered. The object of that order was to substitute the money proceeds of the Seventy-Fourth street property in place of the property itself, and to hold it securely until it was determined by a trial of the action in the state court, to whom it belonged. Until the sale, the prior lis pendens operated as such security.

A previous motion had, however, been made in the state court to vacate the lis pendens, which was denied, and the order entered denying that motion contained also the provision for the sale of the property, the deposit of the net proceeds and the cancellation of the lis pendens by consent. On appeal by the defendant from that order and on a hearing after the order had been executed, the order was reversed by the appellate division (67 N. Y. Supp. 772), but neither the opinion nor the order of reversal make any allusion to the latter part of the order as respects the sale and deposit or its conditions, but only to the denial of the motion to vacate the lis pendens as irregular. The opinion shows by its language that it contemplated the filing of a new lis pendens along with an amended complaint; but

that remedy to prevent a dissipation of the fund was no longer possible, because the sale had been already executed and the surplus deposited as above stated. But as the order of the appellate division is in form a reversal of the order below without reservation, it may be presumed that the recent order for the payment of the money to William B. Riker, was based upon the reversal of the entire order of the state court as respects the deposit.

However that may be, the reversal by the appellate division in no way affects the order of this court of September 17, 1900, as regards the withdrawal of the deposit, or the equities of the parties. The object of that order, as above stated, was to secure the fund against loss in consequence of a conversion of the real estate into money before trial, and to hold that fund to answer any judgment of the state court on the merits of the action. I was not aware until the present motion, that the conditions of the deposit, so far as related to the state court, were supposed to be reversed or modified. Had I understood this, the recent order sending the receiver to the state court for an injunction would not have been made. This court, however, has in no way canceled the conditions of its order of September 17th, as respects the withdrawal of the fund, and I see no reason for doing so.

The $20,000 retained by the Adams Dry-Goods Company is a security only for any lien established against the Sixth avenue property alone. It affords no security for the payment of what may be decreed against the Seventy-Fourth street property. As the withdrawal of the deposit in the trust company by William B. Riker would naturally deprive the trustee of the entire fruits of the cause, as respects the Seventy-Fourth street property, I must adhere to the terms of the order by withholding my assent and continuing the stay until a trial of the action has been had and final judgment entered. This gives the plaintiff no more than he would have immediately acquired by legal right on the filing of a new lis pendens along with the amended complaint, which would have been filed at the same time with the amended complaint had not the property been sold under that order. It is not just that William B. Riker should be given the benefit of that order by allowing the sale on his application and that he should then be relieved from its conditions, to the prejudice of the plaintiff in the suit, and the loss of the security which the plaintiff would otherwise have had.

Motion to vacate stay denied.