SMADBECK et al. v. LAW.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

LIS PENDENS—CANCELLATION—VENDOR AND PURCHASER—EXECUTORY CONTRACTS—ACTION TO RECOVER INSTALLMENT PRICE.

　　In an action by the vendee in a contract for the sale of real estate to recover a payment made on account of the purchase price and expenses incurred in the examination of the title on the ground that the title is defective, a lis pendens should not be canceled on motion, although it is not alleged that the vendee is in possession.

Appeal from Special Term, New York County.

Action by Louis Smadbeck and another against Alfred W. Law, as executor of Alice Mills Law, deceased. From an order canceling a lis pendens, plaintiffs appeal. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Edwin L. Kallish, for appellants.
Charles De Hart Brower, for respondent.

LAUGHLIN, J.   This is an action by a vendee under a contract for the sale of real estate to recover a payment made pursuant to the contract on account of the purchase price of the premises and the expenses incurred in the examination of the title.   The complaint proceeds upon the theory that the title was defective and does not pray for specific performance.   The plaintiffs allege that they have no adequate remedy at law, and pray judgment that they be decreed to have a vendee's lien upon the premises, and for a sale thereof to satisfy the lien.   There is no allegation that the vendees were let into possession of the premises.   The order canceling notice of pendency was granted upon the authority of Klim v. Sachs, 102 App. Div. 44, 92 N. Y. Supp. 107, wherein it was held that the vendee, not having taken possession, did not acquire a lien upon the premises for the amount of the down payment.   If there be any doubt as to the right to file the notice, the merits should not be decided on a motion to cancel it.   It cannot be said that the action is not brought to recover a judgment affecting the title, possession, use, or enjoyment of the premises against which the notice of pendency is filed, nor is it clear that the plaintiffs may not be able upon the trial to establish a lien as vendees.   See Pomeroy on Eq. Jur. vol. 3, § 1263; also Chase v. Peck, 21 N. Y. 585.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs.   All concur.