(109 App. Div. 588)

### BRESSEL v. BROWNING.

(Supreme Court, Appellate Division, First Department.   December 8, 1905.)

LIS PENDENS—CANCELLATION.
  Under Laws 1905, p. 71, c. 60, amending Code Civ. Proc. § 1671, permitting the court, in actions other than mortgage foreclosure, partition, or for dower, to direct the cancellation of the notice of pendency of the action and the substitution therefor of an undertaking or a deposit in court of money, where a complaint for specific performance of a sale of land shows that such performance cannot be decreed, but only money damages recovered, the lis pendens may be canceled on motion, though the notice of pendency was filed prior to the amendment.

  Appeal from Special Term, New York County.
  Action by Abraham N. Bressel against Edward W. Browning. From an order denying defendant's motion to cancel lis pendens, he appeals.   Reversed.
  Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

  Clarence E. Thornall, for appellant.
  Joseph Wilkenfeld, for respondent.

  HOUGHTON, J.   The defendant, being one of several common owners of the real property in question, advertised to sell it at public auction.   The terms of sale prescribed that the property would be conveyed to the purchaser by the defendant and one Florence B. Biggs, by good deed, free from all incumbrances.   Plaintiff was the successful bidder, and upon signing the terms of sale made a cash payment.   A deed was tendered, which the plaintiff rejected on the ground that the actual dimensions of the premises were not as set forth in the terms of sale, and that the land was subject to a covenant to pave and repair the street in front of it.   Shortly thereafter, and in April, 1905, plaintiff brought this action, setting forth these alleged defects in title, but asking that the defendant specifically perform, or, in the event of his inability to do so, that his deposit be repaid, together with damages. The usual lis pendens was filed, and this appeal is from an order denying a motion for its discharge.

  If the plaintiff's allegations are true, it is quite manifest that he can never obtain a decree for specific performance.   The defendant cannot increase the dimensions of the land, and, if there be a covenant running with it to pave and keep in repair the street in front, the defendant is quite powerless to rid the land of it.   The most, therefore, that the plaintiff can expect, is to recover his damages, if any, together with the deposit which he has made.   The recent amendment to section 1671 of the Code of Civil Procedure (Laws 1905, p. 71, c. 60), permitting the court to direct the cancellation of the notice of pendency of action and the substitution therefore of an undertaking or a deposit in court of a sum of money, is designed to meet a case like the present, where the complaint or facts established show that specific performance cannot be decreed, but only money damages recovered.   That section provides that:

"In an action, other than an action to foreclose a mortgage or for the peti-
tion of real property, or for dower, in which a notice of pendency thereof
has been filed, and in which it shall appear to the court, upon a motion made
as hereinafter provided, that adequate relief can be secured to the plaintiff
by a deposit of money or in the discretion of the court by the giving of an
undertaking, as hereinafter provided, where the cancellation of such notice is
not otherwise expressly provided for or regulated, any defendant or any other
person having an interest in the property affected by the action, may apply
for the cancellation of such notice."

But the plaintiff urges that his notice of pendency of action was filed
prior to September 1, 1905, when this amendment to the section went
into effect, and hence it can have no application to him. · We do not
concur in this view.  The provisions of the section are mere matters
of procedure and practice, and are to be applied as of the time when
the motion is made, whether the notice of pendency was filed be-
fore or after the law went into effect.  There is no property right in a
lis pendens.  The Legislature may provide a substitute, or take away
the right to file one altogether, without infringing upon the property
rights of a litigant.  The power of the Legislature to change rules
of evidence as they existed at common law, and to limit, change, and
vary existing rules for the limitation of actions or procedure therein, is
not affected or restricted by the constitutional prohibition against the
taking of life, liberty, or property without due process of law.  People
v. Turner, 117 N. Y. 227, 22 N. E. 1022, 15 Am. St. Rep. 498.  The
facts presented on the motion were such that the court should have
permitted the cancellation of the lis pendens herein upon the defend-
ant giving such undertaking or making such deposit of money as would
insure to the plaintiff the payment of his damages and repayment of the
deposit which he had made.

The order should be reversed, with $10 costs and disbursements,
and the matter remitted to the Special Term for further action in ac-
cordance herewith.  All concur.