### TISHMAN v. ACRITELLI.

(Supreme Court, Appellate Division, First Department. February 23, 1906.)

LIS PENDENS—CANCELLATION—SECURITY.

    Code Civ. Proc. § 1671, as amended by Laws 1905, p. 71, c. 60, provides that in an action in which a lis pendens has been filed, and in which it shall appear to the court, on a motion to vacate the same, that adequate relief can be secured to the plaintiff by a deposit of money, or, in the discretion of the court, by the giving of an undertaking, any defendant

or other person having an interest in the property affected by the action may apply for a cancellation of the notice. *Held*, that where plaintiff sued for specific performance of a contract to convey land, and it could not be determined from the allegations of the complaint or facts clearly established that plaintiff was not entitled to such relief, it was improper to direct a cancellation of the lis pendens on the filing of an undertaking, though the complaint also prayed that, if specific performance could not be had, judgment be rendered for a certain sum of money.

Appeal from Special Term, New York County.

Action by Julius Tishman against Peter P. Acritelli. From an order canceling a lis pendens, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Harry A Gordon, for appellant.

Abraham Nelson, for respondent.

INGRAHAM, J. The action was brought by the vendee for the specific performance of a contract for the sale of real property. The complaint, after alleging the making of the contract and an adjournment by consent of the time to close title, alleges that at the time and place mentioned the plaintiff was ready, willing, and able, and offered, to carry out and perform said contract, but that the defendant failed and refused to perform said contract on his part, failed and refused to convey a good and marketable title to said premises to the plaintiff free and clear from all incumbrances, with the exception of the mortgages and incumbrances specified in said contract, and that by reason of the premises the plaintiff has been and will be damaged in the sum of $5,000. The judgment demanded is that the defendant be compelled to specifically perform and carry out said contract on his part, as in said contract provided, or, in case specific performance thereof cannot be had by the plaintiff as therein provided, that the plaintiff have judgment against the defendant for the sum of $5,000, besides costs.

The answer, by not denying, admits the making of the contract; denies that the plaintiff was able to perform, or that the defendant failed or refused to perform; and denies the damage alleged. Upon an affidavit of the defendant a motion was then made to vacate the notice of the pendency of action filed by the plaintiff, which motion was granted upon the defendant giving an undertaking in the sum of $7,000. This motion was made under the amendment to section 1671 of the Code of Civil Procedure which took effect on September 1, 1905. Laws 1905, p. 71, c. 60. That section provides that:

"In an action * * * in which a notice of pendency thereof has been filed and in which it shall appear to the court upon the motion made as hereinafter provided, that adequate relief can be secured to the plaintiff by a deposit of money, or in the discretion of the court, by the giving of an undertaking, as hereinafter provided, * * * any defendant or any other person having an interest in the property affected by the action, may apply for the cancellation of such notice."

In Bressel v. Browning, 109 App. Div. 588, 96 N. Y. Supp. 402, we held that where it appeared by the complaint that the only relief to which the plaintiff would be entitled was a judgment for a sum of money the lis pendens should be canceled upon the making of a deposit

or the giving of an undertaking sufficient to secure the payment of the amount that the plaintiff claimed. On the other hand, we think that where the relief demanded is not the payment of a sum of money, but involves the right of the plaintiff to a conveyance of real property described, the lis pendens should not be canceled. It is only where "adequate relief can be secured to the plaintiff by the deposit of a sum of money" or the giving of an undertaking that the court is authorized to cancel the lis pendens. If the plaintiff, upon the facts alleged in the complaint or facts clearly established, is entitled to a specific performance of the contract and a conveyance of the real property contracted to be sold, it is evident that adequate relief cannot be secured to the plaintiff by the deposit of a sum of money. The question depends ordinarily upon the relief that the plaintiff demands in the complaint and to which under the allegations of the complaint he is entitled. If the judgment asked, and to which the plaintiff would be entitled if the facts alleged in the complaint are true, includes something more than the payment of a sum of money, then the deposit of a sum of money would not secure to the plaintiff adequate relief if he succeeds. Here the plaintiff claims that he is entitled to a conveyance of the property. It is true that he also asks in the alternative that, if such a conveyance be found impossible, he be allowed to recover the damages that he has sustained; but that is only in case that he cannot obtain by the conveyance a good title to the property that the defendant has agreed to convey, a question which can only be determined upon the trial. The right of the plaintiff to retain the notice of pendency of action must be determined upon the allegations of the complaint, or facts clearly established, and we think that in this case the right of the plaintiff to a decree for specific performance of the contract and a conveyance of the real property therein described must be determined upon the trial. Smadbeck v. Law, 106 App. Div. 552, 94 N. Y. Supp. 797.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.