(113 App. Div. 58)

### McCRUM v. LEX REALTY CO. et al.

(Supreme Court, Appellate Division, First Department. May 11, 1906.)

LIS PENDENS—CANCELLATION.
　　Under Code Civ. Proc. § 1670, authorizing the filing of a notice of the pendency of an action relating to real property, and section 1671, as amended by Laws 1905, p. 71, c. 60, providing for the cancellation of such a notice where it appears to the court that adequate relief can be secured to the plaintiff by a deposit of money or the giving of an undertaking, on motion to cancel a lis pendens in an action for specific performance, the court should not examine the complaint as on demurrer, to see whether the action is maintainable.

Appeal from Special Term, New York County.

Action by Lloyd G. McCrum against the Lex Realty Company and

another.   From an order granting a motion to cancel a lis pendens, plaintiff appeals.   Reversed, and motion denied.

- Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

William P. Maloney, for appellant.
Richard T. Greene, for respondents.

CLARKE, J.   This is an appeal by the plaintiff from an order canceling a lis pendens filed by him in an action brought for the specific performance of a contract for the conveyance of real property, upon condition that the defendant Frazier either deposit in court the sum of $25,000, or, at his election, file an undertaking in said sum for the payment of any amount which the plaintiff may recover in this action, and to pay the judgment sought to be enforced against the real property in the event that final judgment shall be rendered against said defendant Frazier.

Section 1670 of the Code of Civil Procedure provides that:

"In an action brought to recover a judgment affecting the title to, or the possession, use or enjoyment of real property * * * the plaintiff may, * * * file in the clerk's office * * * a notice of the pendency of the action."

Section 1671 of said Code, as amended by chapter 60, p. 71, of the Laws of 1905, provides that:

"In any action, other than an action to foreclose a mortgage or for the partition of real property, or for dower, in which a notice of the pendency thereof has been filed, and in which it shall appear to the court upon a motion made as hereinafter provided, that adequate relief can be secured to the plaintiff by a deposit of money, or in the discretion of the court by the giving of an undertaking, as hereinafter provided, when the cancellation of such notice is not otherwise expressly provided for or regulated, any defendant or any other person having an interest in the property affected by the action may apply for the cancellation of such notice * * *.   If the court on the hearing of the motion shall decide that adequate relief can be secured to the plaintiff and that the case is one in which the judgment sought to be enforced against the real property * * * may be secured by the deposit of the amount claimed or by the giving of an undertaking, the court may make an order directing that the applicant make a deposit in court of a sum of money, or * * * give an undertaking * * * and that thereupon, * * * an order may be made canceling such notice of record.   The sum required to be paid into court or the amount of the undertaking, shall be at least the amount claimed by the plaintiff of the value of the property affected by the action or the interest of the party filing such notice therein with interest and costs * * *."

- In Bresel v. Browning, 109 App. Div. 588, 96 N. Y. Supp. 402, this court held that, where it manifestly appeared from the complaint that the plaintiff could never obtain a decree for specific performance, the court at Special Term should have permitted the cancellation of the lis pendens, upon complying with the provisions of section 1671 of the Code of Civil Procedure.   The facts were that the actual dimensions of the premises were not as set forth in the terms of the sale, and the land was subject to a covenant to pave and repair the street in front thereof.   We said that:

"The defendant cannot increase the dimensions of the land, and if there be a covenant running with it to pave and keep in repair the street in front, the defendant is quite powerless to rid the land of it.   The most, therefore,

that the plaintiff can expect is to recover his damages, if any, together with the deposit he has made."

Thereafter the construction of this section of the Code in an action for a specific performance was before us again in Tishman v. Acritelli (Sup.) 97 N. Y. Supp. 668, and in reversing an order canceling a lis pendens upon the giving of an undertaking, we said that:

"Where the relief demanded is not the payment of a sum of money, but invokes the right of the plaintiff to a conveyance of real property described, the lis pendens should not be canceled. * * * If the plaintiff, upon the facts alleged in the complaint or facts clearly established, is entitled to a specific performance of the contract, and a conveyance of the property contracted to be sold, it is evident that adequate relief cannot be secured to the plaintiff by the deposit of a sum of money."

In M. Lindheim & Co. v. Central National Realty & Construction Co. (Sup.) 97 N. Y. Supp. 619, we said, upon a review of the cases, that on a motion to cancel a lis pendens we are not authorized to look into the facts as upon a trial, nor to search the complaint as upon a demurrer; citing Mills v. Bliss, 55 N. Y. 139; Brainerd v. White, 12 Abb. N. C. 407; Brox v. Riker, 56 App. Div. 391, 67 N. Y. Supp. 772; and St. Regis Paper Co. v. Santa Clara Co., 62 App. Div. 538, 71 N. Y. Supp. 82.

The learned court at Special Term has examined the complaint as if upon demurrer, and, concluding that specific performance would not be decreed, has fixed upon an amount which in its opinion furnishes adequate security for any judgment that might be obtained. But we do not think such questions were properly before it, and, indeed, the appellant complains that the question decided was not made upon the oral argument, and, the point decided herein not having been made the decision was arrived at without hearing plaintiff's counsel upon that question at all. As stated by the Court of Appeals in Mills v. Bliss, supra:

"Whether the action can be sustained is not a question to be passed upon on this appeal. The plaintiff may fail to prove the facts alleged, or the court may hold that the action is untenable upon the facts stated. * * * The questions of fact as well as of law must be disposed of upon the trial and hearing of the cause."

The order appealed from should be reversed, with $10 costs and disbursements to the appellant, and the motion denied, with $10 costs. All concur.