KENNEDY v. HALL.

(Supreme Court, Special Term, New York County. June, 1906.)

1. LIS PENDENS—CANCELLATION.

The right of defendant to a cancellation of a lis pendens under Code Civ. Proc. § 1671, providing for a cancellation on the deposit of a sum of money or the giving of an undertaking, if it appears to the court that such course will protect plaintiff, must be determined upon the allegations of the complaint or facts clearly established.

2. SAME.

Code Civ. Proc. § 1671, provides for the cancellation of a lis pendens on the giving of an undertaking by defendant, or the deposit of a sum of money when such course will protect the plaintiff. Held, that where, in a suit for the specific performance of a contract to convey real estate to plaintiff. the prayer of the complaint was that plaintiff have a lien for a deposit made by him, and that defendant, if he should become able, be compelled to make a conveyance, and plaintiff alleged that the defects in the title could be removed by defendant, a motion to cancel a lis pendens under Code Civ. Proc. § 1671, will be denied, as more than money was demanded by plaintiff.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Lis Pendens, § 33.]

Action by James J. Kennedy against John Hall. Motion by defendant to cancel a lis pendens by depositing a sum of money or giving an undertaking. Motion denied.

Wesselman & Kraus, for the motion.
Morton Stein, opposed.

GIEGERICH, J. The prayer of the complaint is, not only that the plaintiff have a lien upon the real property in suit for the amount of his deposit, etc., but that, in case the defendant becomes able to convey good title, he be directed to specifically perform the contract. Since something more than the payment of a sum of money is asked, the lis pendens should not be canceled by a deposit of money or by the giving

of an undertaking pursuant to section 1671 of the Code of Civil Procedure.   Tishman v. Acritelli, 111 App. Div. 237, 97 N. Y. Supp. 668; Schenkein v. Horowitz (June 9, 1906) 99 N. Y. Supp. 161.

It is urged by the defendant, however, that specific performance by him is impossible, and that adequate relief can be secured to the plaintiff by a deposit of money or the giving of security, as was done in Bresel v. Browning, 109 App. Div. 588, 96 N. Y. Supp. 402.   But that case has no application, since it there appeared by the complaint that the only relief which the plaintiff could obtain was a judgment for a sum of money, while here the plaintiff claims that the defects upon which the rejection of title was based can be cured by the defendant.   The test in applications of this character is, not what may be the ultimate outcome of the case at the trial, but what is demanded in the complaint.   As was said in Tishman v. Acritelli, supra (at page 239 of 111 App. Div., and page 670 of 97 N. Y. Supp.) :

"The right of the plaintiff to retain the notice of pendency of action must be determined upon the allegations of the complaint or facts clearly established."

The right of the plaintiff to retain the lis pendens should not be determined in advance of the trial.

Motion denied, with $10 costs to the plaintiff to abide the event.