### SCHENKEIN v. HOROWITZ et al.

(Supreme Court, Special Term, New York County. June 19, 1906.)

1. LIS PENDENS—CANCELLATION OF NOTICE.

    Code Civ. Proc. § 1671, as amended by Laws 1905, p. 71, c. 60, provides that a lis pendens may be canceled when it appears to the court that adequate relief can be secured to the plaintiff by a deposit of money or the giving of an undertaking. A complaint alleged that one of the defendants made a lease to plaintiff, the same containing a covenant for surrender in case of a sale of the premises, and that plaintiff was induced to execute a surrender and vacate by reason of a pretended sale to the other defendant. The relief demanded was that the conveyance and surrender be declared void, plaintiff restored to possession, and that defendants account for the rents and profits. *Held* that, inasmuch as plaintiff sought to recover something more than a mere sum of money, a motion to cancel the lis pendens by a deposit of money or by an under-taking would be denied.

2. SAME.

    The right to retain a lis pendens must be determined on the allegations of the complaint or facts clearly established.

Action by Julius H. Horowitz and others against Joseph Schenkein. Motion by defendant Gernhardt to cancel a lis pendens. Motion denied.

Joseph C. Kadane, for the motion.

J. Leon Brandmarker, opposed.

GIEGERICH, J. The defendant Gernhardt seeks, by this motion, to cancel the lis pendens filed in this action by a deposit of money or the giving of an undertaking pursuant to section 1671 of the Code of Civil Procedure, as amended by chapter 60, p. 71, of the Laws of 1905. That section, among other things, provides that such cancellation may be ordered, except in certain actions named, where it shall appear to the court that "adequate relief can be secured to the plaintiff by a deposit of money, or in the discretion of the court by the giving of an undertaking." In Tishman v. Acritelli, 111 App. Div. 237, at page 239, 97 N. Y. Supp. 668, at page 670, recently decided by the Appellate Division of this department, the court said:

"If the judgment asked, and to which the plaintiff would be entitled if the facts alleged in the complaint are true, includes something more than the payment of a sum of money, then the deposit of a sum of money would not secure to the plaintiff adequate relief, if he succeeds."

In the present case the plaintiff seeks to recover something more than a mere sum of money. The complaint alleges the making of a lease of the premises in suit by the defendant Horowitz to the plaintiff for a term of five years from July 15, 1903, and that such lease contains a covenant for a surrender thereof upon payment of certain sums in case of the sale or transfer of the fee of said premises. The complaint further alleges that the plaintiff was induced to execute a surrender of the lease and to vacate the premises by conspiracy and fraud of the defendants in making a pretended transfer of the premises from the defendant Horowitz to the defendant Gernhardt, but which transfer was fictitious and fraudulent and made for the purpose of

securing a surrender of the lease and the possession of the premises. The relief demanded in the complaint is that such conveyance and the surrender of the lease be declared null and void; that the plaintiff be restored to the possession of the premises; that a receiver of the rents be appointed; and that the defendants account for the rents and profits. The mere fact that the plaintiff also asks for an accounting of the rents and profits does not change the character of the action; such relief being a mere incident to the setting aside of the instruments above mentioned. As the lease has a period of two years yet to run, the damages for such remaining term cannot, of course, be ascertained at this time, especially in view of the allegation of the complaint that the rental value of the premises is and has been constantly increasing. The right to retain the notice of pendency of action must be determined upon the allegations of the complaint or facts clearly established (Tishman v. Acritelli, supra), and such right sufficiently appears in the present case.

Motion denied, with $10 costs to the plaintiff to abide the event.