<hr/>

(115 App. Div. 176)

### WERNER v. JACKSON et al.

(Supreme Court, Appellate Division, First Department.　October 19, 1906.)

Lis Pendens—Cancellation.

　　On a motion to cancel on giving security a lis pendens filed in a suit for specific performance, the court cannot look into the facts as on a trial, nor search the complaint as on a demurrer, it being sufficient to require a denial of the motion if the complaint shows on its face a suit affecting title to real estate.

　　[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Lis Pendens, § 33.]

Appeal from Special Term, New York County.

Action by Sigmund Werner against James M. Jackson and others. Appeal by plaintiff from an order canceling a lis pendens on giving security. ·Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, .CLARKE, and HOUGHTON, JJ.

Paul Gross (Herman Kahn, of counsel), for appellant.

Henry Bogert, for respondents.

PER CURIAM.　This is an appeal from an order of Special Term canceling a lis pendens upon giving security. The judgment demanded by the complaint was that the defendant be decreed to specifically perform a contract for the conveyance of real estate in the city of New York, and that in the alternative the plaintiff be decreed or adjudged to have a lien for the amount deposited upon the execution of the contract. It has been determined in this department that the right of the plaintiff to retain the notice of pendency of action in an action for a decree for specific performance of the contract for a conveyance of real property must be determined upon the allegations of the complaint, or facts clearly established, and that upon such a motion, as in the case at bar, we are not authorized to look into the facts as upon a trial nor to search the complaint as upon a demurrer.　Tishman v. Acritelli, 111 App. Div. 237, 97 N. Y. Supp. 668; Lindheim & Co. v. Central Co., 111 App. Div. 275, 97 N. Y. Supp. 619; Wolinsky v. Okun, 111 App. Div. 536, 97 N. Y. Supp. 943; McCrum v. Lex Realty Co., 113 App. Div. 58, 98 N. Y. Supp. 1021.

Upon those authorities the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs.