CITY OF NEW YORK v. UNSAFE BUILDING et al.

(Supreme Court, Special Term, New York County.   December 16, 1907.)

1. LIS PENDENS—CANCELLATION—PROCEEDINGS UNDER BUILDING CODE.

Code Civ. Proc. § 1671, providing for a cancellation of a lis pendens on deposit of money or giving of an undertaking, and expressly excepting therefrom an action to foreclose a mortgage, relates solely to an action of the character specified in section 1670, an action to recover a judgment affecting the title to, or the possession, use, or enjoyment of, real estate, and does not apply to a proceeding against an unsafe building under Building Code, §§ 153–155, showing that the proceeding is distinctly in rem, and section 155, providing that judgment shall be for sale of the premises for the cost and expenses attending the execution of a precept to repair, secure, or take down an unsafe or dangerous building, which judgment "shall be in the same manner and with like effect as sales under judgment in foreclosure of mortgages."

2. SAME.

Lis pendens in proceedings under the Building Code against an unsafe building could not be canceled on deposit of money or giving of an undertaking, even if Code Civ. Proc. § 1671, applied to such a proceeding; it authorizing cancellation only where adequate relief can be secured plaintiff by such a deposit or undertaking.

Action by the city of New York against the alleged unsafe building at No. 429–431 West Fifty-Third street and Henry Holding, owner. Heard on motion to cancel lis pendens.   Motion denied.

Harold C. Knoeppel, for the motion.

Francis K. Pendleton, Corp. Counsel (John P. O'Brien and Samuel J. Parmenter, of counsel), opposed.

GIEGERICH, J.   A motion to cancel the lis pendens filed herein was heretofore denied by Mr. Justice Fitzgerald.   It is claimed by the owner, however, that in such prior application cancellation was demanded as a matter of right, while in the present one it is sought by making a deposit of money or the giving of an undertaking, as provided by section 1671 of the Code of Civil Procedure.   Assuming, without deciding, the point in favor of the owner, it clearly appears from a reading of said section that it does not apply to a proceeding such as this one, which is brought under the provisions of the Building Code, but relates solely to an action of the character specified in section 1670 of the Code of Civil Procedure.   Upon reading sections 153, 154, and 155 of the Building Code it will be seen that the proceeding thereunder is distinctly in rem, and that they afford no authority for the entry of a personal judgment; section 155 providing that judgment shall be rendered for the sale of the premises for the cost and expenses attending the execution of a precept to repair, secure, or take down an unsafe or dangerous building, which judgment "shall be in the same manner and with like effect as sales under judgment in foreclosure of mortgages."   An action to foreclose a mortgage is expressly excepted from the provisions of section 1671 of the Code of Civil Procedure, and, if there is any analogy between a proceeding taken pursuant to the portions of the Building Code above referred to and an action in foreclosure, then the agreement that the provisions of section 1671

do not apply to the lis pendens that has been filed in this proceeding has great force.

Apart from all this, as it appears that the city is entitled to other relief than a judgment for a sum of money and to a judgment for the sale of the property, adequate relief would not be secured by a deposit of money or an undertaking, and therefore the lis pendens should not be canceled. Tishman v. Acritelli, 111 App. Div. 237, 97 N. Y. Supp. 668; Kennedy v. Hall, 51 Misc. Rep. 78, 99 N. Y. Supp. 162, affirmed 114 App. Div. 913, 100 N. Y. Supp. 1124.

Motion denied, with $10 costs.