COSMOS HOLDING CORPORATION, Respondent, *v.* CASCO TRADERS, INC., Appellant.

*Vendor and purchaser — rejection of title — deficiency of land and other objections — action for specific performance — damages — motion to cancel lis pendens — when denied.*

Appeal by defendant from an order of the Supreme Court, entered in the New York county clerk's office October 25, 1922, denying its motion to strike out the *lis pendens* upon the giving by the defendant of an undertaking as provided by section 124 of the Civil Practice Act.

Order affirmed, with ten dollars costs and disbursements. No opinion. Present — Clarke, P. J., Dowling, Smith, Page and Greenbaum, JJ.; Smith, J., dissenting, with opinion.

SMITH, J. (dissenting): This action is for specific performance of a contract, and in case specific performance is not possible the plaintiff asks for a return of the moneys advanced, together with certain expenses which the plaintiff's assignor

has incurred in connection therewith. The contract provided for a conveyance of certain lands described by metes and bounds. At the date for closing the plaintiff came to the place assigned and tendered the money and demanded performance on the part of the defendant. The defendant offered to give a deed in accordance with the contract but this was rejected by the vendee, the plaintiff's assignor, upon several grounds. Those grounds are specified in the verified bill of particulars which has been filed by the plaintiff in this action. This bill of particulars specified several reasons for the rejection and among other objections raised, the plaintiff swore: " There is a small strip of land approximately four and one-half inches in width on Barrow street; and extending northerly part of the depth of the lot, beginning at a point on the northerly side of Barrow street distant 135 feet 4 inches west of Fourth street; title to this strip is outstanding, and the same will not be insured." That this defect exists in the record title does not seem to be questioned. The defect is alleged, however, to commence as far back as 1836 and it appears by the affidavit of Johnson, read in behalf of the defendant, appellant, that he had made an effort to locate the heirs of those who were interested in the property at the time, to obtain a quit claim deed, but had not been successful in his effort. It appears undisputed in the evidence that the Title Guaranty and Trust Company refused to insure the title offered by the defendant. In *Bresel* v. *Browning* (109 App. Div. 588) this court held: " When, in an action for specific performance of a contract for the sale of lands, the plaintiff alleges that he rejected the deed tendered by defendant, because the actual dimensions of the lands differed from those set forth in the terms of sale and because the lands were found to be subject to a covenant to pave, he shows that specific performance by the defendant is impossible, and that his only remedy is for damages. In such case the court should order the cancellation of a *lis pendens* filed in the action, upon the defendant giving an undertaking or depositing moneys to insure the payment of damages, as provided by section 1671 of the Code of Civil Procedure."* This authority is on all fours with the case at bar. In the authority cited possibly there was a larger deficiency in the land than there is in the case at bar. But the deficiency in the land amounting to four and one-half inches on one side, is one of the grounds named for the rejection of the title by the plaintiff. This cannot be cured any more than could the defect of title in the case cited. In the case cited the defect was alleged in the complaint. In the case at bar the defect as alleged and sworn to by the plaintiff is in the bill of particulars. This certainly cannot distinguish the cases. The case cited is, therefore, controlling. It is claimed on behalf of the plaintiff, however, that the court might decree a specific performance with allowance for defect of title as to the four and one-half inches in the boundary of part of the property, as alleged in the contract. Whether or not the court would have this power the complaint asks for no such relief, but specifically demands, if a marketable title cannot be given, that the defendant be adjudged to pay to the plaintiff the moneys paid upon the contract, together with the expenses incurred by the plaintiff in connection therewith. The court is given authority under section 124 of the Civil Practice Act to make an order canceling the *lis pendens* and for a deposit or undertaking to be given in lieu thereof, in all cases except in a case

---

* Now Civ. Prac. Act, §§ 121, 124.— [Rep.

for dower or for the foreclosure of a mortgage or for the partition of real property if adequate relief can thus be attained. If a marketable title cannot be obtained as is claimed by the plaintiff in its bill of particulars, there is no reason why this property should be tied up by *lis pendens* and the defendant prevented from giving the title to others which the plaintiff has rejected. The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, without costs.