Ellis J. Staley, Jr., J.
The plaintiffs commenced this action for specific performance of a real estate contract against the defendant, the owner and alleged vendor of the real estate described in the said contract.
The plaintiffs have filed a notice of pendency and the defendant moves for an order to cancel the said notice of pendency. The defendant challenges the good faith of the plaintiffs in commencing the action alleging that there does not exist a written contract for the purchase and sale of the said real property executed by the plaintiffs and the defendant.
The plaintiffs, in paragraph 1 of their complaint, allege as follows: “That at all times herein mentioned, the defendant, above named, was the owner and in possession of a certain piece and parcel of real estate hereinafter described and being desirous of disposing of the same, made an agreement in writing with the plaintiffs, upon information and belief, a copy of which Agreement is hereinto annexed and marked Schedule A and made a part hereof.”
It has been determined that the right of a plaintiff to retain the notice of pendency of action in an action for specific performance of a contract for the conveyance of real property must be determined upon the allegations of the complaint and that upon such a motion the court is not authorized to look into the facts as upon a trial. (Lindheim & Co. v. Central Nat. Realty & Constr. Co., 111 App. Div. 275; Werner v. Jackson, 115 App. Div. 176; Marpret Constr. Corp. v. Hargust Land Corp., 214 App. Div. 792.)
The complaint in an action for specific performance must allege the contract. In this action the plaintiffs assert an agree *293 ment in writing upon information and belief and annex a purported copy of the agreement as Schedule A. This copy, however, does not indicate that it was signed by any of the parties. Jt is fundamental that a contract for the sale of real property must be in writing and signed by the party or parties to be charged. Otherwise, it is void as being in violation of the Statute of Frauds. (Real Property Law, § 259.)
The document set forth as Schedule A purports to be a purchase offer. Such an offer for the purchase of real property must be accepted in writing and communicated to the party .submitting the offer before it becomes binding. The allegation in the complaint of an agreement upon information and belief and the failure of the copy of the purchase offer set forth as Schedule A to show that the defendant signed the offer to indicate her acceptance leads the court to the conclusion that the defendant did not communicate her acceptance in writing to the plaintiffs.
The court is of the opinion that the plaintiffs have failed to allege the contract in the complaint and have failed to allege acceptance of the offer and the complaint is, therefore, insufficient.
The court is further of the opinion that the defendant is entitled to the relief sought under the provisions of section 123 of the Civil Practice Act as amended by chapter 877 of the Laws of 1957 which provides as follows: “ If a plaintiff filing the notice # * * does not commence or prosecute the action in good faith, the court, in its discretion * * 6 may direct that a notice of the pendency of an action be canceled of record
The hard and fast rule of prior decisions to the effect that upon the application for cancellation of a notice of pendency the allegations in the complaint must be taken as true and, if such complaint states a sufficient cause of action entitled to the benefit of a filed notice of pendency, the court was prohibited from ordering a cancellation is no longer absolute. The moving parties may now establish by factual information beyond the complaint the lack of good faith of the plaintiff in commencing or prosecuting the action. (Civ. Prac. Act, § 123.)
The comment of the Judicial Conference, in its recommendation of the 1957 amendment explains the reason for the liberalized 6 6 good faith ” clause.
In the Second Annual Report of the Judicial Conference of the State of New York it is stated at page 119 as follows:
“ It is recommended that an additional ground for cancellation of a notice be included in section 123, vis., where the plaintiff has not commenced or prosecuted the action in good faith. In *294 such case, the plaintiff’s filing of the notice of pendency may have unfairly and unjustly impeded the defendant’s transfer of the real property affected by the notice. On an application to cancel the notice on this ground, the defendant must show that the plaintiff’s claim is not asserted in good faith.
“ The added ‘ good faith ’ provision in the recommended amendment would operate to supplement the ‘ neglect to proceed ’ provision presently contained in Section 123.”
The plaintiffs in this action allege as the basis for the relief of specific performance a contract of purchase and sale of certain real estate dated November 8,1962. The defendant in support of her motion submits a contract of purchase and sale for the identical real estate dated December, 1962 and executed by both plaintiffs but not by the defendant. The answering affidavit of the plaintiffs on this motion establishes that they have no knowledge of any execution of the contract dated November 8, 1962 by the defendant but merely sets forth hearsay statements on which they form a belief that the defendant did execute the contract in suit.
In the court’s opinion the plaintiffs do not bring this action in good faith and under the discretionary authority provided in .section 123 of the Civil Practice Act, the court grants the motion of the defendant canceling the notice of pendency filed herein by the plaintiffs.