Arthur G. Klein, J.
Motion for an order directing the cancellation of a lis pendens filed herein against certain real property now owned of record by movant, defendant Dorothy Schachter, is denied. The complaint, in its third cause of action (the only one affecting the moving defendant), seeks to set aside an alleged fraudulent conveyance of said realty to the moving defendant by her husband, defendant Melvin Allen Schachter. It further seeks an order directing a reconveyance of that property to movant’s husband. As stated by the court in Brox v. *62 Riker (56 App. Div. 388, 391), which case is cited by the moving defendant, ‘ ‘ upon a motion of this character the court cannot determine whether or not the action is well brought, or critically examine the complaint to see whether a demurrer to it would be sustained (Accord, Oster v. Bishop, 20 Misc 2d 446; Bein v. Baer, 7 Misc 2d 543.) The complaint, on its face, adequately states a cause of action to set aside the conveyance of the realty, the subject of the lis pendens, as fraudulent. The Debtor and Creditor Law does not require, for such an action, that the transfer attacked succeed the maturing of the claim or the discovery of any fraud upon which the claim might be based (Debtor and Creditor Law, §§ 270, 276, 279; Meyer, Connor & Co. v. United Founders Corp., 238 App. Div. 642). Defendant’s contention that the lis pendens is invalid because made against a party whose only connection with the case is that she is now the record owner of the property allegedly fraudulently conveyed must fail. Said defendant is involved because, the complaint alleges, she received her husband’s property without giving fair consideration therefor in fraud of her husband’s creditors. If plaintiff fails in its proof of this, the moving defendant will prevail upon the trial (see Glanzberg v. Goldston, 28 Misc 2d 742). The plaintiff need not be a “ creditor ’ ’ of the owner of the property when the notice is filed, but may seek to ‘1 establish his debt, whether matured or unmatured, and challenge the conveyance in the compass of a single suit ”. (American Sur. Co. of N. Y. v. Conner, 251 N. Y. 1, 8.) The moving defendant’s citation of Brox v. Riker (supra) is inapposite. There the realty which was affected by the notice was not the subject of the action. The creditor there attempted to utilize a Us pendens to attack property in which the debtor apparently had invested the proceeds of an alleged fraudulent conveyance. Unlike the instant case, no claim was there made that the property against which the Us pendens had been filed was fraudulently conveyed.