has been adopted from an institution, and upon the ground of desertion, etc., by the child, none of which proceedings could be instituted by this father.

But, say the defendants, the county judge has inherent power to vacate his order upon proof that the jurisdictional fact of abandonment was misstated in the adoption proceedings. So has the Supreme Court inherent power to brush aside any instrumentality that interferes with the proper custody of children, especially when it is charged with the duty of protecting their interests. While it may be true that this court could not abrogate, cancel, or destroy the order of adoption, yet it can decree that such order of adoption is ineffectual to prevent this court from disposing of the custody of this infant as its best interests may appear. While it is true that the father was not a party to the proceedings that resulted in the order, that he has not had his day in court, that the necessity of his appearance and his right to object to such adoption was denied him through false statements as to his alleged abandonment, and it may be that before the rights of the father can be fully restored to him permanently, some proceeding must be instituted before the county judge seeking a cancellation of the order of adoption, yet where the welfare of the child is the chief object to be attained, and is the guide for the judgment of this court in these proceedings, such order of adoption, so obtained by false statements as to the relator's abandonment, cannot be urged as an effective objection to the awarding of the custody of this child to its father, when it appears that such custody will be for the best interests of the child.

In view of all the facts and circumstances, no other satisfactory conclusion can be reached than that of awarding to the relator the care and custody of his five months old son, Maurice Alvin Cornelius.

Findings may be prepared in accordance with this memorandum, granting the relator $50 costs.

---

KINGS-BRIGHT CONST. CO. v. J. D. LOIZEAUX LUMBER CO.

(Supreme Court, Appellate Division, Second Department.    October 7, 1910.)

1. LIS PENDENS (§ 3*)—RIGHT TO FILE—NATURE OF ACTION.

Plaintiff's prayer for a lien on the premises for the amount of the money which may be found due on an accounting is in harmony with its complaint, alleging its conveyance, when financially embarrassed, of premises to defendant in consideration of its contract to use moneys raised by mortgage thereon to pay plaintiff's creditors, and the diversion by defendant of part of the moneys so raised, and so entitles it to file a notice of lis pendens, under Code Civ. Proc. § 1670, authorizing it in an action brought to recover "a judgment affecting the title to, or the possession, use, or enjoyment of, real property."

[Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. § 3; Dec. Dig. § 3.*]

2. APPEAL AND ERROR (§ 949*)—DISCRETION OF TRIAL COURT.

Under Code Civ. Proc. § 1671, providing that, where notice of lis pendens has been filed, application to cancel it may be made, and if the court, on hearing of the motion, shall decide that adequate relief can be se-

cured to plaintiff, and that the case is one in which the judgment sought to be enforced against the real property may be secured by the deposit of the amount claimed, or by the giving of an undertaking, the court may make an order directing the making of a deposit or the giving of an undertaking, and that on this being done the notice of lis pendens shall be canceled, such an order is so largely in the discretion of the court that a strong case of abuse of discretion must be shown to warrant interference with a. denial thereof.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 949.*]

Thomas, J., dissenting.

Appeal from Special Term, Kings County.

Action by the Kings-Bright Construction Company against the J. D. Loizeaux Lumber Company. From an order denying its motion for cancellation of the notice of pendency of the action filed therein, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, THOMAS, RICH, and CARR, JJ.

Thomas A. McKennell, for appellant.
Arthur Weil, for respondent.

WOODWARD, J. The plaintiff alleges, and it does· not appear to be seriously disputed, that it was the owner of a group of 33 houses on Eighty-Third and Eighty-Fourth streets, and a second group of 17 houses on Avenue N, borough of Brooklyn; that it became financially embarrassed, and entered into a contract with ·the defendant, a foreign corporation, under the terms of which the defendant undertook to make use of any moneys it might be able to raise upon mortgages to be placed upon the property above mentioned to pay the obligations of the plaintiff; that upon this consideration the premises were conveyed to the defendant; that the °defendant has diverted certain portions of the funds which have been secured upon the mortgage of the properties; that it has failed to allow the plaintiff to make ,use of certain lumber, which it was agreed the plaintiff might use in finishing certain of the buildings it then owned; and that the defendant has converted this lumber. The complaint demands an accounting in reference to the moneys secured on mortgages upon the property involved, and that a lien be impressed upon the real estate for the amount which may be found due, and for other relief; it being alleged that the defendant owns no other property, other than this real estate, within the state of New York. The plaintiff filed a lis pendens, and the defendant moved the court for an order canceling the notice, and appeal comes to this court from an order denying such motion.

It is undoubtedly true, as suggested by the defendant, that, where the complaint alleges a state of facts entirely inconsistent with its prayer for relief, the mere fact that the demand for relief brings ·the case within the provisions of the Code of Civil Procedure does not operate to give a party rights; but that is not the case here. The plaintiff has shown to the court a state of facts which, if true, would entitle it to "a judgment affecting the title to, or the possession, use, or enjoyment of, real property" (section 1670, Code of Civil Proce-

dure), and its prayer for relief asks for a lien upon the premises, which is in harmony with the theory of the complaint. Under such circumstances, under all the authorities, the plaintiff is entitled to file a notice of pendency of the action, and it does not seem necessary to review the authorities.

It is probably true that the court might, in this case, have accepted a deposit, or an undertaking; but that is a matter resting so largely in the discretion of the court at Special Term that it would require a strong case of abuse of discretion to warrant this court in interfering. The language of the Code of Civil Procedure (section 1671) is that if—

"the court on the hearing of the motion shall decide that adequate relief can be secured to the plaintiff and that the case is one in which the judgment sought to be enforced against the real property mentioned in said notice of pendency of action may be secured by the deposit of the amount claimed or by the giving of an undertaking, the court may make an order directing that the applicant make a deposit," etc.

If the court is not convinced that the deposit of a sum of money, or the giving of an undertaking, will protect all of the rights of the plaintiff, then it is not its duty to accept a deposit, or to provide for an undertaking. The right to the lis pendens belongs to the plaintiff under the circumstances stated by the Code, and it is only when the defendant is able to show to the court that all the ends of justice may be met by a substitution of money or an undertaking that he has any right to a cancellation of the notice of pendency of the action. In this case the amount claimed by the plaintiff could not be determined until the accounting, and there was no certainty as to what might be developed upon the trial. The action was to enforce the contract of the defendant to make use of the property conveyed to it for the purpose of satisfying the creditors of the plaintiff, and, while it may be that an undertaking could have been provided which would have protected the rights of the plaintiff, a lien upon the actual property conveyed is an appropriate remedy, and the learned court at Special Term properly refused to accept a deposit of money or to order an undertaking canceling the lis pendens.

The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur, except THOMAS, J., who dissents.