Morris E. Spector, J.
Plaintiff, Blitman Construction Corp., brings an action for breach of contract against Denbel Realty & Construction Co. Inc. and Twelve Seventy Fifth Ave. Cooperative Inc.
Plaintiff and defendant Denbel entered into a contract on May 13, 1957 (Exh. A) for services in the construction of a large apartment house.
Plaintiff alleges that it did considerable spade work, at great expense, in preparation for this undertaking but did not actually start the construction of those buildings.
On April 17, 1958, the defendant Cooperative purchased the property from Denbel and has started construction work but not with the plaintiff as builder and supervisor.
The first cause of action is for specific performance of this contract with Denbel and the second cause of action is for money damages in the event specific performance will not lie.
This contract is clear, specific and devoid.of legal terminology. Plaintiff was to receive a fee of 5% of the construction cost for supervising, etc., the erection of this apartment house.
Clearly, specific performance will not lie. The sole remedy is an action for money damages for breach of contract. (Queens Plaza Amusement v. Queens Bridge Realty Corp., 36 N. Y. S. 2d 326.)
Section 120 of the Civil Practice Act provides that a lis pendens may be filed “In an action brought to recover a judgment affecting the title to, or the possession, use, or enjoyment of real property’.’. Exhibit “A” — the basis of this action, clearly discloses that it is one for services to be rendered in connection with the construction and erection of buildings and not one for recovery of a judgment affecting title to or the possession, use or enjoyment of real property. (See St. Regis *890 Paper Co. v. Santa Clara Lbr. Co., 62 App. Div. 538, 540.) “ It is not the title of the action nor the prayer for judgment, but the facts set out in the complaint, which determine the kind and character of action. The action cannot be made an equitable one by the demand for relief if no facts are stated in the complaint which would justify equitable relief. ’ ’
Since the order to show cause for an order canceling the notice of pendency and dismissing the first cause of action set forth in plaintiff’s complaint was served, the plaintiff served an amended complaint upon defendants. Plaintiff accordingly contends that the present application became moot and academic.
The amended complaint has as its first cause of action the identical first cause of action in the original complaint. The amended complaint merely adds additional causes of action, but all are based upon the contract between plaintiff and Denbel, Exhibit “ A ”. Counsel for defendants ask the court to consider this amended complaint in its decision of this motion. The Us pendens is intended to encompass the amended complaint. Therefore I consider it proper to have my decision encompass the amended complaint. Otherwise, by manipulation and the resort to dilatory tactics, it would _ endlessly prevent a final determination as to whether this Us pendens should be revoked. Irreparable harm would result to the defendants if same is not determined promptly, as it is prevented from withdrawing funds from the construction mortgage, to proceed with the erection of this building, unless said notice is removed from record. Since this is an equity proceeding, equity demands that justice be done.
Accordingly, since there is an adequate remedy at law, and specific performance will not lie, the first cause of action, in the original and amended complaints is stricken and the motion for the cancellation of the lis pendens is granted.