(62 App. Div. 538.)

### ST. REGIS PAPER CO. v. SANTA CLARA LUMBER CO.

(Supreme Court, Appellate Division, Third Department.   June 28, 1901.)

ACTION—CLAIM TO REAL PROPERTY—LIS PENDENS CANCELLATION.

Where a claim is made in an action affecting the title of land, and a lis pendens is filed as authorized by Code Civ. Proc. § 1670, such notice cannot be canceled by the court on an order being entered dismissing the complaint, and holding that the title of land is not affected, from which plaintiff appealed, which appeal is still pending.

Appeal from special term.

Action by the St. Regis Paper Company against the Santa Clara Lumber Company. From an order denying defendant's motion to cancel a lis pendens filed by plaintiff, defendant appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Henry W. Jessup, for appellant.
Brown, Carlisle & Hugo, for respondent.

KELLOGG, J. The plaintiff, at the time of bringing the action, filed a lis pendens, wherein are described the defendant's lands, being some 32,000 acres, in the Adirondack region, and wherein a claim is made affecting the title thereto. The motion is made to cancel the notice of pendency of action on the grounds that the action is not one "brought to recover a judgment affecting the title, or the possession, use, or enjoyment of real property," as is contemplated by section 1670 of the Code of Civil Procedure. It is settled law in the courts of this state that, where it appears by the complaint that the recovery of the judgment sought by plaintiff will affect "the title, or the possession, use, or enjoyment of real property," the filing of a lis pendens is permissible, and in such case the court has no power to direct cancellation of the record of such notice, except as provided in section 1674. Mills v. Bliss, 55 N. Y. 139; Beman v. Todd, 124 N. Y. 114, 26 N. E. 326. It also seems to be well settled and determined that, if the facts set forth in the complaint do not point to a recovery of a judgment which will affect "the title, or the possession, use or enjoyment of real property," a lis pendens is unauthorized, and may, on motion, be canceled of record. Fitzsimmons v. Drought, 15 App. Div. 413; Brox v. Riker, 56 App. Div. 388, 67 N. Y. Supp. 772. It is obvious from the wording of the Code provision (section 1670) that the purpose for which the action is brought is controlling as to

the right of plaintiff to file a notice of pendency of the action. If the complaint discloses the clear purpose to be the recovery of a judgment affecting real property, its use, possession, or enjoyment, the right to file a lis pendens is assured by section 1670. The filing of a lis pendens is only an incident to the action. The contest over all the matters set forth in the complaint, as also over the sufficiency of the complaint, or of the facts therein stated, or of the right to maintain the action, must be all fought out in the action itself, and in the mode prescribed by our practice. The result reached in such contest in the action determines the propriety and limitations of the notice filed. No separate and independent contest can be carried on with this incident to the action, or accessory, so long as the contest is continuing with the principal. It is only where it is apparent from the complaint that the action is not "brought to recover a judgment affecting the title to or the possession, use, or enjoyment of real property"—that is, that such is not the purpose of the action—that a court, on motion, may direct the cancellation of the record of the notice on grounds other than those prescribed in section 1674. Such was the case of Brox v. Riker, supra. That was a judgment creditor's action, with facts alleged which disclosed the object to be to trace money of the debtor into certain real property, and to procure a judgment declaring a lien thereon. The prayer of the complaint, however, asked for a judgment, also declaring a lien upon other real property, but set forth no facts which disclosed that the purpose of the action was to impress such other real property with a lien. The court held that the only purpose disclosed there was the unwarranted exercise of a new and very dangerous process in the nature of an attachment, which, if permitted in that case, might be operated in any commercial case,—such as an action at law on a promissory note; and as to such other real property the notice of lien was directed to be canceled of record. That case cannot be used as authority for the proposition, however, that the court can look into the complaint for any other purpose than to discover the object of the action. That the object or end sought cannot be wholly determined by the prayer in a complaint, the case is authority for, and on principle we think it sound. It is true that this court, having in review the complaint in this case and the written contract upon which the action solely stands (St. Regis Paper Co. v. Santa Clara Lumber Co., 55 App. Div. 227, 228, 67 N. Y. Supp. 151), held "that this is not a contract for the sale of any standing timber or trees, nor of any land or interest in any land"; and further held that, "beyond question the contract is one relating solely to chattels, and in no sense is it a contract relating to realty," and very strongly intimated that the action could not be maintained. And while it is true that the trial court has dismissed the plaintiff's complaint on like grounds, still the plaintiff is not satisfied, and has appealed. The case has not been finally determined, and the question is still in the court whether plaintiff is entitled to a recovery which affects the title, possession, use, or enjoyment of the 32,000 acres of land in the complaint mentioned. There can be no doubt that the action was brought to impress upon this land a lien, a claim of the plaintiff, which affects the title, possession,.

use, or enjoyment in some measure of the land in question; and that such is the main, if not the only, purpose of the action, is also apparent from the complaint. In addition to decreeing a lien upon the land in question to secure performance of the terms of the contract, the plaintiff seeks a decree for specific performance by the court or some agency under its control. Such performance, it is clear, cannot be had, except these lands are possessed by such agency, and such right of possession for that purpose is sought to be established by this action. The effect of filing a lis pendens is to make subsequent grantees and incumbrancers parties to the action (section 1671) so far as the rights by them acquired in the property is concerned, and in this sense has all the force of an attachment upon property, with none of the liabilities attending that remedial assistant. But this consideration is a matter for the legislature exclusively. The legislature has the undoubted power to arbitrarily impound the subject-matter of the litigation until the litigation ends as it does by the provisions of section 1670. It has made no distinction between actions apparently founded in right and actions wanton and malicious, nor has it given the courts discretion in the matter. The right is given to every plaintiff showing by a complaint a purpose to recover a judgment which will affect the title, possession, use, or occupation of real property, and that test alone must determine the right to cancel the record of a lis pendens upon motion made upon other grounds than those stated in section 1674 of the Code of Civil Procedure. This leads to the conclusion that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.

(62 App. Div. 517.)

HUNTINGTON et al. v. CORTLAND HOME TEL. CO. et al.

(Supreme Court, Appellate Division, Third Department. June 28, 1901.)