BEHRENS v. STURGES et al.

(Supreme Court, Appellate Division, First Department. November 8, 1907.)

LIS PENDENS—NOTICE—WHEN AUTHORIZED.

A complaint alleged that plaintiff purchased real estate for T. under an agreement for ten per cent. of the profits realized on the land when sold by T., that defendant became possessed of the land on the death of T. under his will, which had been duly probated, and demanded that plaintiff be adjudged to have an equitable lien upon the property for the profits to which he was entitled. *Held*, that the complaint only showed a claim against the estate of T., and did not show plaintiff entitled to a lien on the land, so as to authorize him in filing a notice of lis pendens.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Lis Pendens, § 24.]

Appeal from Special Term.

Action by Margaretha Behrens against Sarah S. S. Sturges and others. From an order denying defendants' motion to cancel the notice of pendency of action, they appeal. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, SCOTT, and LAMBERT, JJ.

Norman Chandler and Harold Swain, for appellants.
Robert L. Turk, for respondent.

INGRAHAM, J. The complaint in this action alleges that the plaintiff was employed by one Trask as his confidential real estate broker, under an agreement whereby the plaintiff was to receive as compensa-

tion for his services as such real estate broker 10 per cent. of the profits arising from the increase in value, if any, of all real property purchased by plaintiff as such real estate broker for said Trask whenever the said Trask should sell the same; that plaintiff as such broker purchased for Trask in 1893 certain real property described in the complaint; that Trask died on the 11th of January, 1897, leaving a last will and testament, which was duly admitted to probate; and that the defendants took the real property of Trask under his will, and are now seised and in possession thereof, and in which plaintiff was entitled to 10 per cent. of the profits. The judgment demanded is that plaintiff have an equitable lien upon the property to the extent of 10 per cent. of the profits or increase in value of said property; that, in the event of a sale by the defendants of the said property, an accounting be had; and that after the sale the defendants be required to pay to the plaintiff such sum of money as shall be ascertained to be due to her, and for other relief.

It is clear that upon this allegation of the complaint there was no equitable lien, but all that plaintiff had was a claim against Trask's estate for 10 per cent. of the profits arising from the increase in value of the real estate purchased by the plaintiff as broker for Trask whenever the said Trask should sell, dispose of, or convey the said property purchased by the plaintiff. The allegations in this complaint are entirely different from those in Lindheim v. Central Nat. Realty & Cons. Co., 111 App. Div. 275, 97 N. Y. Supp. 619, which was an action where a sale of the property and division of the proceeds was sought. There is no such demand for judgment in this case. The only demand that could possibly affect the property is that it be adjudged that the plaintiff had an equitable lien upon the property; but that is entirely inconsistent with the allegations of the complaint. The case of Brox v. Riker, 56 App. Div. 388, 67 N. Y. Supp. 772, is in point, where it was said:

"Where there are no allegations in the complaint which would bring the action within the class of those which affect the title to real property, a mere demand for a judgment which is entirely foreign to the cause of action alleged would not justify the plaintiff in filing the notice."

The case of Beman v. Todd, 124 N. Y. 114, 26 N. E. 326, was an action to recover a sum of money that had been wrongfully invested by the defendant in pieces of real estate—a case which gave to the plaintiff, if the facts could be proved, an interest in the real property. In the present case the allegation was that the plaintiff was entitled to receive as compensation for his services an amount which was to be fixed by reference to the profits of a sale of the real property when realized; but it gave the plaintiff no greater interest in the real property than if the amount of commissions was fixed by agreement absolutely and not dependent upon the amount of profit realized.

The order should therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.