ACE C. ANDREWS and Another, Plaintiffs, *v.* RAY A. HANCOCK and Others, Defendants.

Supreme Court, Broome County, March 1, 1927.

**Lis pendens — cancellation of notice — complaint recites plaintiffs furnished labor and materials towards construction of defendant's buildings and demands damages in consonance therewith — complaint sufficient to justify equitable lien in plaintiffs' favor — plaintiffs entitled to file lis pendens under Civil Practice Act, § 120 — motion to cancel notice denied.**

Plaintiffs' complaint, which, after alleging that under a contract with defendant they furnished labor and materials toward the construction of buildings upon property owned by defendant, demands a judgment in consonance therewith, states facts sufficient to justify an equitable lien in favor of plaintiffs upon the premises, and the court is without power to deprive them of their right to file a *lis pendens* under section 120 of the Civil Practice Act. Under the circumstances defendant's motion to cancel the notice of pendency should be denied.

MOTION to cancel a notice of pendency of an action.

*Vere H. Multer,* for the plaintiffs.

*Howard E. Taylor,* for the defendant Ray A. Hancock.

RHODES, J. The allegations of the complaint for the purpose of this motion must be deemed to be true. It alleges in substance

that plaintiffs entered into a contract with the defendant Hancock by which plaintiffs were to construct certain houses upon certain lots of said defendant; that plaintiffs have partly performed their contract and partially constructed said houses; that they have been prevented from completing their contract by the wrongful acts of the defendants who have conspired to cheat and defraud them by preventing them from performing; that in pursuance of such conspiracy the defendants other than Hancock have filed mechanics' liens against the premises. The complaint demands damages for the amount accrued for the work already performed and for the prospective profits, and seeks to impress an equitable lien upon the premises therefor. The complaint also alleges that the plaintiffs have no adequate remedy at law. There are no facts alleged to show that plaintiffs will be unable to enforce their claim in an action at law under the contract or that they will be unable to recover therein the amounts due them. For this reason defendant insists that plaintiffs cannot maintain the action as an action in equity, citing the case of *Pritchard* v. *Pritchard* (134 App. Div. 301). I do not think that the case cited is necessarily controlling as to this motion. That decision was rendered after a trial of the whole issues and upon a consideration of the facts established at the trial.

In the case at bar it appears that plaintiffs have, pursuant to an agreement between them and defendant Hancock, furnished labor and materials toward the construction of buildings upon the real property in question and which, therefore, have tended to improve said defendant's property. I think plaintiffs are entitled to demand an equitable lien upon the premises. (*Fowler* v. *Mutual Life Ins. Co. of New York*, 28 Hun, 195; *Perry* v. *Board of Missions*, 102 N. Y. 99.) In the case last cited the court, speaking of the plaintiff, said: "It is true he did not sell the estate, but he added to it, and by his expenditures upon it fitted it for the purpose for which it was intended." Further the court said: "The plaintiff's case is within the general doctrine of equity, which gives a right equivalent to a lien, when in no other way the rights of parties can be secured. The advances were directly for the benefit of the real estate; they were approved by the convention by whose directions the title was conveyed to the defendant, but neither the convention nor the defendant have incurred any corporate liability, and while it may be said that the advances were made on the promise of, or in the just and natural expectation that, a mortgage would be given, it is also true that they were made on the credit of the property, for the improvement of which they were expended. The repairs and improvements were permanently

beneficial to it, made in good faith, with the knowledge and appro-
bation of the parties interested, and accepted by them, not as a
gratuity, but as services for which compensation should be given."
It is stated in Story's Equity Jurisprudence (§ 1223) that a vendor's
lien ceases where a personal credit was given to the vendee excluding
any notion of a lien, but that whenever it is doubtful whether
such credit was given or not, it is not to be presumed unless made
certain by the vendee. So in the instant case the question whether
or not plaintiffs intended to rely solely upon the personal credit
of the defendant Hancock should not be determined from an
examination of the pleadings in this motion, but should await
determination of the facts after trial.

If the plaintiffs are entitled to an equitable lien upon the premises
then they are entitled to file a notice of pendency of the action
under section 120 of the Civil Practice Act which permits the
filing of such notice in an action brought to recover a judgment
affecting the title to, or the possession, use or enjoyment of real
property. In *Mills* v. *Bliss* (55 N. Y. 139) an order was granted
by Special Term directing the cancellation of a notice of *lis pendens.*
Such order was affirmed at General Term and reversed by the
Court of Appeals, which said: "Whether the action can be
sustained is not a question to be passed upon on this appeal. The
plaintiff may fail to prove the facts alleged, or the court may hold
that the action is untenable upon the facts stated; although the
defendant, by taking issue upon the facts, has impliedly conceded
that they are sufficient, if proved, to maintain an action." An
answer has been interposed in the case at bar so that it appears
that the defendants have taken issue upon the facts and have
impliedly conceded that such facts are sufficient, if proved, to
maintain the present action.

The rule governing applications to cancel notices of pendency
of actions is concisely stated in *Jones* v. *Armenia Ins. Co.* (136
App. Div. 453, 456) as follows: "The question that must always
be presented in an action of this kind is whether the complaint
states a cause of action affecting the title to real property or the
use, possession or enjoyment thereof. *If it does and the complaint
demands a judgment affecting the title to or the use, possession or
enjoyment of real property, then the court cannot look to see whether
the cause of action set forth in the complaint is one in which such a judg-
ment can be granted — it is sufficient if such a judgment is asked for.*
(*Schomacker* v. *Michaels,* 189 N. Y. 65.) " (For a discussion of the
rule and cases where the question has arisen see, also, *Kauffman* v.
*Simis,* 156 App. Div. 208; *Marpret Construction Corporation* v.
*Hargust Land Corporation,* 214 id. 792; *Brox* v. *Riker,* 56 id. 388;

*Mount Vernon Co. Silversmiths, Inc.,* v. *Mount Vernon Metal Products Co., Inc.,* 202 id. 753; *Kings-Bright Construction Co.* v. *Loizeaux Lumber Co.,* 140 id. 147; *Beman* v. *Todd,* 124 N. Y. 114; *St. Regis Paper Co.* v. *Santa Clara Co.,* 62 App. Div. 538; *Lindheim & Co.* v. *Central National Realty & Construction Co.,* 111 id. 275; *Shandley* v. *Levine,* 44 Misc. 23; *Behrens* v. *Sturges,* 121 App. Div. 746.)

In the case at bar the complaint alleges facts sufficient to justify an equitable lien in favor of plaintiffs, at least to the extent of the labor and materials furnished, and demands a judgment in consonance therewith. This being so, the court has no power to deprive plaintiffs of their statutory right to file a *lis pendens.*

The motion is, therefore, denied, with ten dollars costs to plaintiffs against defendant Hancock in such action.