MILTON A. BISSELL, Respondent, v. HENRY B. TAYLOR and Another, Appellants, Impleaded with NYPENN OIL COMPANY, INC., Defendant.

Fourth Department, May 7, 1930.

*Leonard & Brill* [*John S. Leonard* of counsel], for the appellants.

*Milton A. Bissell*, for the respondent.

EDGCOMB, J.   This is a representative action brought by the plaintiff on his own behalf, and for the benefit of all other stockholders, against the defendant Benjamin H. Taylor, president of the defendant Nypenn Oil Company, Inc., and Henry B. Taylor, a stockholder of said corporation, because of their alleged negligent and wrongful acts in wasting the assets of the company.

Defendants move to dismiss the complaint and to strike from the records of the Chautauqua county clerk's office the *lis pendens* filed by the plaintiff herein, or, in event of the denial of such relief, that the plaintiff be required to separately state and number his causes of action, and to make his pleading more definite and certain, and to strike out certain allegations.

While the complaint must be given a liberal construction, it is inartistically drawn, and is subject to some of the criticisms which have been aimed at it on this motion.

The most serious objection to the sufficiency of the pleading is. the failure of the plaintiff to allege a demand upon the corporation that it commence this action in its own name, or to state facts from which it could be said that such request would be an idle ceremony.   Such an allegation is a requisite to a complaint brought by a stockholder in an action of this character. (*Continental Securities Co.* v. *Belmont*, 206 N. Y. 7; *O'Connor* v. *Virginia Passenger & Power Co.*, 184 id. 46; *Kavanaugh* v. *Commonwealth Trust Co.*, 181 id. 121; *Flynn* v. *Brooklyn City R. R. Co.*, 158 id. 493; *Norman* v. *Federal Mining & Smelting Co.*, 180 App. Div. 325.)

While it is alleged that the defendant Benjamin H. Taylor is the president of the Nypenn Oil Company, it does not appear how many or who its directors are, or that the interests of the majority are in any way adverse to those of the plaintiff, or that his appeal to them to bring this action would go unheeded.   It is not shown that those charged with wrongdoing constitute a majority of the board of directors, in which case a prior demand upon the corporation to commence the action would be unnecessary. (*Jacobson* v. *Brooklyn Lumber Co.*, 184 N. Y. 152.)

The complaint must, therefore, be dismissed, but plaintiff should be permitted to serve an amended pleading.

It becomes unnecessary, therefore, to discuss at any length the other objections raised to the sufficiency of the complaint, some of which we deem valid. For instance, we do not think that any cause of action lies in favor of the plaintiff in this action because of the neglect of the defendant Benjamin H. Taylor to accept the offer to sell the company at a price which would net the stockholders $150 per share for their stock. This and any other defect in the present pleading will doubtless be corrected in any amended complaint which may be served.

This leaves for discussion the question of whether the notice of pendency filed in the Chautauqua county clerk's office should be canceled of record. In this notice plaintiff stated that an action had been commenced by the plaintiff against the defendants " for an accounting of certain corporate accounts and real estate, and for the partition of certain real estate owned by Henry B. Taylor and the Nypenn Oil Company, Inc."

A notice of pendency of an action is only proper in " an action brought to recover a judgment affecting the title to, or the possession, use, or enjoyment of real property." (Civ. Prac. Act, § 120.) By no stretch of the imagination can this be construed as a partition action. Plaintiff conceded on the argument that it was not such an action. It is alleged that the defendant Henry B. Taylor, a stockholder of the defendant oil company, entered into a contract with the company to sell to it the real property described in the *lis pendens* for the sum of $6,000, payable at the rate of $60 per month, a price which it is claimed is at least three times the actual value of the property. It is also alleged that the corporation has expended several thousand dollars of its own money in improvements upon the land, all of which is liable to be lost to the company by reason of its default in the payment of the installments due on the purchase price, and the option given the seller to rescind the sale, and to keep, as liquidated damages, all payments which have been made.

If the action could be construed as one to impress a lien upon the property for moneys expended by the corporation for the improvements made, a *lis pendens* would, no doubt, be proper. (*Kings-Bright Construction Co.* v. *Loizeaux Lumber Co.*, 140 App. Div. 147.) No demand for such relief is contained in the instant complaint, and no such cause of action is stated in the pleading.

The right to file a *lis pendens* depends upon the purpose of the action as stated in the complaint, and if the action is not such a one as is specified in section 120 of the Civil Practice Act, the

notice of pendency will be canceled on motion. (*St. Regis Paper Co.* v. *Santa Clara Co.*, 62 App. Div. 538.)

As this is not an action brought to recover a judgment affecting the title to real property, or affecting its use, possession or enjoyment, we think that the *lis pendens* must be canceled of record, but without prejudice to the plaintiff to file another, if, in his amended complaint, he states a cause of action making that procedure proper.

In view of the conclusion already reached, it becomes unnecessary to discuss the alternative relief which defendants ask. If an amended complaint is served, doubtless the requirements of rule 90 of the Rules of Civil Practice, requiring a plaintiff to separately state and number his causes of action, will be complied with, and any immaterial and irrelevant allegations will be omitted, and facts and not evidence will be pleaded.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint and file a new *lis pendens* if so advised, within twenty days, upon payment of the costs of the motion and of this appeal.