JAMES H. RICHARDS, Plaintiff, *v.* ANDREW CHUBA et al., Defendants.

Supreme Court, Special Term, Rensselaer County, August 10, 1949.

*H. Irving Chase* for defendants.

*Alton R. Holmes* for plaintiff.

MURRAY, J. Motion by defendants for an order canceling of record a *lis pendens* filed May 11, 1949, by plaintiff in the office of the clerk of Rensselaer County on the ground that the character of the action alleged in the complaint does not warrant the filing of a *lis pendens* under section 120 of the Civil Practice Act, and for further relief that the complaint be dismissed as to defendants, James Chuba and John Chuba and Andrew Chuba, on the ground that it does not state facts sufficient to constitute a cause of action. Plaintiff makes a cross motion to amend the prayer for relief as demanded in the complaint.

It is alleged in the complaint that defendant, Andrew Chuba, represented to plaintiff, a duly licensed real estate broker, that he was the owner of a 150-acre dairy farm in the town of Schaghticoke, Rensselaer County, New York, and wished to employ plaintiff to sell the same at $12,000. In pursuance of this conversation defendant, Andrew Chuba, executed an exclusive listing contract with plaintiff dated November 11, 1948, giving plaintiff an exclusive listing for a period of six months and to continue after period until a thirty-day notice in writing was given to plaintiff to terminate the listing, with the plaintiff to receive the usual commissions for sale of farm property in effect in the State of New York as fixed by the Troy Real Estate Board at 10% of sale price. It later developed that Andrew Chuba, at

the time he made such exclusive listing, was not in fact the fee owner of the farm, having conveyed same to James Chuba and John Chuba by deed dated June 17, 1946, and recorded July 5, 1946, reserving unto himself a life estate. This life estate was also released by quitclaim deed dated June 27, 1946, but was not recorded until May 16, 1949, subsequent to the filing of the *lis pendens*. Plaintiff alleges on information and belief that sometime prior to May 11, 1949, while the exclusive listing was in effect the defendants entered into an agreement to sell the property for $12,000 to a person then unknown to plaintiff, not consulting plaintiff and for the purpose of defrauding the plaintiff of his commissions.

Plaintiff's complaint consists of two causes of action, one for fraud and the other for breach of contract, alleging his damages to be $1,200 for work, labor and services performed and moneys expended in attempting to sell the farm, but the prayer for relief fails to request that an equitable lien be impressed on the property. The complaint is dated and verified May 11, 1949, and the *lis pendens* dated May 11, 1949, all of which were filed in Rensselaer County Clerk's office on the same date, May 11, 1949. The *lis pendens* states the cause of action is one to impress an equitable lien on the real estate. Plaintiff's cross motion asks that the prayer for relief be amended to include the right for equitable relief.

The actual deed of conveyance of the farm to one Stephen Burrello is dated May 13, 1949, and recorded May 16, 1949, subsequent to the filing of the complaint and *lis pendens*.

The fact that through inadvertence the complaint failed to pray for an equitable lien can be corrected by amendment as of course. (Civ. Prac. Act, § 244.)

The court has no power to cancel a *lis pendens* except as provided by section 123 of the Civil Practice Act, or where the complaint itself fails to state a cause of action affecting real property. (*Marpret Constr. Corp.* v. *Hargust Land Corp.*, 214 App. Div. 792.) " No express authority is given to cancel the notice because the action is not one in which it may properly be filed. But we shall assume such power is vested in the court." (*Schomacker* v. *Michaels*, 189 N. Y. 61, 64.) The question therefore presented is whether the present action is brought to recover a judgment *affecting the title to, or the possession, use or enjoyment of real property.*

The rule as to whether a plaintiff has the right to file a *lis pendens* is well set forth in *St. Regis Paper Co.* v. *Santa Clara Lumber Co.* (62 App. Div. 538, 540) in which the court said:

" If the complaint discloses the clear purpose to be the recovery of a judgment affecting real property, its use, possession or enjoyment, the right to file a *lis pendens* is assured by section 1670 [now Civ. Prac. Act. § 120]. * * * It is only where it is apparent from the complaint that the action is *not* ' brought to recover a judgment affecting the title to, or the possession, use or enjoyment of real property; ' that is, that such is not the *purpose* of the action, that a court on motion may direct the cancellation of the record of the notice on grounds other than those prescribed in section 1674 [now Civ. Prac. Act, § 123]." (See, also, *Lindheim & Co.* v. *Central Nat. Realty & Constr. Co.,* 111 App. Div. 275.)

An examination of the allegations of the complaint herein fails to show that the action is one to recover a judgment affecting the title to, or the possession, use or enjoyment of real property. It sets forth a cause of action at law for money damages and for fraud arising out of a breach of contract. It is true the prayer for relief as prayed for in the defendants' cross motion demands relief by the impression of an equitable lien and foreclosure. But it has been held that " It is not the title of the action nor the prayer for judgment but the facts set out in the complaint which determine the kind and character of action. The action cannot be made an equitable one by the demand for relief if no facts are stated in the complaint which would justify equitable relief." (*Sayer* v. *Wilstrop,* 200 App. Div. 364, 371; *Brox* v. *Riker,* 56 App. Div. 388; *Behrens* v. *Sturges,* 121 App. Div. 746.) The only demand in the complaint herein that could possibly affect the property is the prayer that plaintiff have an equitable lien upon the property, but that is entirely inconsistent with the allegations of the complaint. It is fundamental that a recovery must be *secundum allegata et probata.*

The allegations in plaintiff's complaint are different from those in *Lindheim & Co.* v. *Central Nat. Realty & Constr. Co,* (*supra*). There the court found that the allegations of the complaint showed that the purpose of the action was to affect real property. The case of *Baker* v. *Cooper* (201 App. Div. 639) is not in point, for the question of the sufficiency of the complaint to uphold the right to file a *lis pendens* was not at issue.

The complaint on its face shows sufficient facts to constitute an action at law for money damages only.

The *lis pendens* is therefore cancelled. Motion to dismiss the complaint denied and for the reasons herein stated motion of plaintiff to amend the original complaint as requested by plaintiff as follows: " Wherefore, plaintiff demands judgment that

there is due to plaintiff from defendants the sum of One Thousand Two Hundred and 00/100 ($1,200.00) Dollars, with interest; that plaintiff has an equitable lien upon defendants' property heretofore described for said amount and interest; that said lien be foreclosed and said property sold to satisfy said lien, under the direction of this court by a referee to be appointed for that purpose; that the proceeds of said sale after the payment of the fees and expenses of said referee and the costs and disbursements of this action be applied to the payment and satisfaction of plaintiff's said claim against defendants rendering and returning the surplus, if any, to defendants, and that plaintiff have judgment against defendants for the deficiency, if any, arising upon said sale, and for such other and further relief as the plaintiff may be entitled to as may be just in the premises '', be and the same hereby is denied.

'' Whether or not the action is brought to recover a judgment affecting the title to real property must be determined by the allegations of the complaint, and if no fact is alleged which would justify such a judgment, and where the complaint, as a whole, shows that the action is brought merely to enforce a personal obligation of the defendant which has no relation to the real estate described, it would seem to be clear that such an action is not one brought to recover a judgment affecting the title to real property.'' (*Brox* v. *Riker,* 56 App. Div. 388, 391, *supra.*)

Submit order in accordance herewith.