Nicholas M. Pette, J.
Defendants move for an order vacating notices of lis pendens filed by plaintiff in the office of the Clerk of Queens County, on July 10, 1958 and November 20, 1958 respectively, and any and all notices of the pendency of *342 this action filed by plaintiff against real property owned by Weinrose Associates, a copartnership comprised of Morris Weintranb, Hyman Weintranb and Louis Rosenberg. The Weintraubs have a 50% interest in said partnership and the other 50% interest therein is owned by Louis Rosenberg.
This action was originally instituted by plaintiff by service of a summons and complaint on July 11, 1948, in which he joined as party defendants, “ Joseph Rae, Hyman Weintraub, Morris Weintraub and Louis Rosenberg, individually, and as copartners doing business under the firm name and style of Weinrose Associates, Jacob Morrow and Lee Rae ’ \ There is no dispute that said Weinrose Associates was comprised of the individual partners, Morris Weintraub, Hyman Weintraub and Louis Rosenberg. It appears that this copartnership owned approximately 2,000 lots of vacant land located in Rosedale, Queens County, New York, approximately 700 of which have been completely tied up by plaintiff’s lis pendens since July 10, 1958, and approximately 1,500 thereof also tied up since November 20, 1958.
Defendants contend, that to provide a pretext for a lis pendens against such a large area of valuable property belonging to said partnership, the plaintiff in his original complaint herein, included serious charges of fraud and conspiracy against the copartnership, Weinrose Associates and all its members; that the original complaint falsely alleged that Morris Weintraub and Hyman Weintraub, with the defendant, Joseph Rae, and others, had “ conspired, connived, and confederated together to cause the defendant, Joseph Rae * * * to defraud and cheat plaintiff of his interest * * * in the lots and parcels of land more particularly described in Schedule A hereto annexed; and in the acquisition of the additional lots, parcels and pieces of land in Area, • without paying plaintiff even a semblence of the real and true value thereof ’ ’; that the remainder of the original complaint, to support the lis pendens herein, was replete with further allegations of fraud against the copartnership and all its members.
Defendants further contend, that subsequently plaintiff was forced to completely withdraw all such charges against the copartnership, by an amended complaint which limits the plaintiff’s alleged claim solely to the defendant, Joseph Rae, and his alleged nominees, the defendants, Louis Rosenberg and Lee Rae; that nevertheless, the plaintiff failed to withdraw his lis pendens against the copartnership property, although it was filed on the basis of said false and completely retracted allegations against the copartnership.
*343 This motion to vacate the lis pendens is predicated upon two separate and distinct grounds:
“ 1. The lis pendens is invalid as a matter of law since it is filed against property owned by the copartnership, Weinrose Associates, although plaintiff’s amended complaint herein fails to allege any cause of action whatever against the said copartnership, the owner of the property;
u 2. This action was neither commenced nor prosecuted in good faith; and the plaintiff has unreasonably neglected to proceed herein. He has wrongfully used his lis pendens as a device to obtain large sums of money from a purchaser of the copartnership’s property, and he has been guilty of deliberately protracting delays in this action in order to prolong the strangulating effect of his lis pendens against the copartnership property.”
In his amended complaint, plaintiff alleges, that prior to August 19, 1957, he had an agreement of joint venture with the defendant, Joseph Rae, to assemble as much “ as they could ” of land lying in a certain area of Rosedale, Queens County, New York, the plaintiff to have a 40% interest and Joseph Rae a 60% interest therein, and that pursuant thereto they had assembled the 700 lots (approximately) listed in Schedule A of the amended complaint.
Plaintiff not having annexed a copy of any writing containing the same or given any precise date thereof, it must be assumed that the aforesaid alleged agreement apparently was oral. However, on August 19, 1957, plaintiff and defendant, Joseph Rae, actually did enter into a written agreement, a copy of which is annexed to the answer herein, which on its face seems to cover the full extent of the relationship between plaintiff and Joseph Rae, concerning property in Rosedale, Queens County, New York, which consisted only of the 700 lots listed in that written agreement. Said written agreement is devoid of any mention of any requirement by the parties thereto (plaintiff and defendant, Joseph Rae) to purchase together all the property obtainable in the area referred to in the aforesaid alleged oral agreement, and is limited solely to the purchase of the 700 lots listed in said written agreement.
The court is of the opinion that, if on August 19,1957 plaintiff had, as he now claims, a pre-existing oral agreement of joint venture with Joseph Rae pursuant to which they acquired the 700 lots listed in the written agreement, and which oral agreement required them to purchase together all the property obtainable in that area, the said written agreement would have so provided, and plaintiff, experienced real estate operator that *344 he was, would undoubtedly have insisted that the written agreement so state. In the absence of any mention thereof in the comprehensive written instrument of August 19,1957, the inference is inescapable that there was no such prior oral agreement.
Plaintiff, in his amended complaint alleges, that he was induced to sell his 40% interest in the said 700 lots to the defendant, Joseph Rae, by reason of the alleged fraud on the part of the latter, in representing that the property was “ valueless ”, and that Rae concealed from plaintiff the transaction between Joseph Rae and the copartnership, Weinrose Associates, whereby the latter acquired the property from Joseph Rae.
In the light of plaintiff’s undoubted experience and sagacity in real estate transactions, plaintiff’s claim of misrepresentation as to the “ value ” of land, is ostensibly so very unlikely, as to be a very unstable basis for an action for fraud. In this connection, it appears that plaintiff testified in a recent proceeding in the Supreme Court in Suffolk County, that he was a “Real Estate broker, investor in mortgage financing, G-. I. and F. H. A. loans ”, and that he had been in that business, ‘ ‘ About 15, 18 years ’ ’. In that proceeding he also testified, that he, with certain associates, acquired two parcels of land owned by the County of Suffolk, for slightly less than $50,000 and turned around and resold the same for $275,000. That testimony by the plaintiff was given very shortly before the transaction involved in the case at bar, and to be specific, on May 8, 1958. To claim, as he does in his amended complaint, that he was the victim of a misrepresentation as to land value, is patently absurd and utterly lacking in merit.
To further demonstrate the fallacy in plaintiff’s claim that he was fraudulently induced to sell out his interest concerning the 700 lots at less than its true value, the defendants urge that before he sold the same to Joseph Rae, he had offered to to sell the same to the defendants Weintraub at plaintiff’s actual cost, and that he pressed them to buy the same on that basis, which was less than the consideration he obtained from the defendant, Joseph Rae.
With respect to plaintiff’s charge that Joseph Rae concealed Ms transaction with Weinrose Associates for their acqmsition of the property from Joseph Rae, the defendants contend that such charge is false, since said transaction was closed at the very same time and in the very same room as the closing of plaintiff’s transaction with Joseph Rae; that plaintiff, personally, was present and actively participated in the very details of the simultaneous closing of both transactions,' and *345 was fully cognizant of the terms of the copartnership’s transaction with Joseph Eae, and he examined the papers which were then and there signed with Joseph Eae; that in fact both closings constituted in effect a single tripartite transaction, with Joseph Eae simultaneously transferring to the copartnership the 700 lots in which he was acquiring plaintiff’s 40% interest, and also approximately 1,500 additional lots in which plaintiff never had any interest.
In this court’s opinion, plaintiff’s claim that the defendant, Joseph Eae, defrauded him into selling his 40% interest in the 700 lots, is obviously so specious and unstable as to be without merit. It appears to be an undisputed fact, that at the time of the commencement of this action and when the Us pendens affecting said 700 lots was filed on July 10, 1958, the owner of said lots was and still is the copartnership, Weinrose Associates, and not the defendant, Joseph Eae, Moreover, there can be no dispute that Weinrose Associates was in no way a party to the alleged perpetration of the alleged fraud, since the amended complaint affirmatively shows that the copartnership had no complicity in the alleged fraud.
Plaintiff, apparently not content with tying up said 700 lots, after serving his amended complaint, filed an amended Us pendens on November 20, 1958, so as to also tie up the approximately 1,500 other lots in which plaintiff never had any interest at any time, and this upon the apparent pretext, that in being allegedly induced by fraud on the part of the defendant, Joseph Eae, to sell to the latter his 40% interest in the 700 lots, he was also deprived of his alleged interest in said 1,500 other lots upon the basis of the aforesaid oral agreement of joint venture with Joseph Eae, hereinbefore referred to, to acquire as much of the vacant land in the Eosedale area as they could.
It is significant, that plaintiff’s claim in this action is now specifically limited to the defendant, Joseph Eae, who is not the owner of any of the property affected by the Us pendens. The fact remains that plaintiff’s amended complaint has withdrawn any and all claims against the copartnership, Weinrose Associates, and contains no allegation which would affect or impair the latter’s title to any of the land covered by the lis pendens; consequently, this court is of the opinion that the lis pendens should be vacated as a matter of law, regardless of whether or not plaintiff has alleged a prima facie cause of action against the defendant, Joseph Eae.
From the facts appearing herein, there seems to be no doubt that plaintiff has used his lis pendens as a means of obtaining large sums of money from purchasers of the copartnership *346 property. It appears, as the defendants contend, that after the commencement of negotiations between the copartnership and certain builders of one-family housing developments, who were interested in purchasing a portion of the copartnership property, for an initial housing development with a view to the possible purchase of further portions for the extension of the initial development, the plaintiff notified said builders that they could not obtain clear title because plaintiff intended to file a Us pendens against the copartnership property. This defendants contend took place prior to July 10, 1958, when the plaintiff actually filed said Us pendens.
Defendants further contend that the aforesaid builders and their corporation, Zoller Building Corporation, could not obtain the assurance of clear title by the lifting of plaintiff’s Us pendens as to approximately 200 lots to be purchased from the copartnership until they agreed to pay to the plaintiff’s corporation, Chanbets Holding Corporation, the sum of $250 per house for each of the 100 or more houses planned for said lots; and that if they should fail to build even a single house, they nevertheless must pay to plaintiff’s corporation a minimum of $20,000; that upon those terms plaintiff agreed to lift his Us pendens against the lots to be purchased by the Zoller Building Corporation; that at the time of the making of the contract for the purchase of said property by Zoller Building Corporation from the copartnership, plaintiff announced to the copartnership that he was lifting his Us pendens as to the property thus purchased because he previously had done business with Mr. Nessel (one of the owners of Zoller Building Corporation) and did not want to stand in the way of his acquiring the property he desired from the copartnership; that plaintiff, however, concealed from the copartnership that his corporation was obtaining from said purchasers $250 for each house as the real consideration for the lifting of his Us pendens.
A copy of the agreement by which said Zoller Building Corporation, agreed to pay to plaintiff’s corporation, Chanbets Holding Corporation, the said sums aggregating $250 per house, with a guaranteed minimum of $20,000 is annexed to the moving papers herein. Said agreement bears the subscription of the plaintiff, who it appears is the sole stockholder of Chanbets Holding Corporation. Defendants assert that said $250 per house is equal to a substantial share of the purchase price paid to the copartnership by Zoller Building Corporation, for land which belongs, not to the plaintiff, but to the copartnership, Weinrose Associates, against which plaintiff has no claim.
*347 From all the papers submitted on this motion, it is apparent to the court that the protracted delays in this action on the part of the plaintiff, clearly indicate that plaintiff’s prosecution of this action has not been in good faith, and that such neglect has been very unreasonable, and has unduly prolonged the stranglehold of plaintiff’s lis pendens against the very large tract of valuable land owned by the copartnership. There can be no doubt that plaintiff has been remiss in the prosecution of this action, to the great prejudice and injustice to the copartnership, Weinrose Associates.
It is the settled law of this State, that the privilege of filing a lis pendens may be used only as a shield for the protection of the bona fide rights of a plaintiff in real property, but that such privilege ceases when the Us pendens is used as a sword against the owner of the realty (Israelson v. Bradley, 308 N. Y. 511, 516). And section 123 of the Civil Practice Act empowers the court to vacate a lis pendens in a case where the plaintiff “ does not commence or prosecute the action in good faith” or where the plaintiff “unreasonably neglects to proceed”. (Manarrow Realties v. Conrad Corp., 222 App. Div. 652.)
The raison d’etre of the doctrine of lis pendens rests upon reasons of public policy. (Danziger v. Simonson, 116 N. Y. 329, 334.) Unless the cause of action comes within the terms of the statute, the Us pendens will be cancelled on motion; the right to file is statutory and strict compliance is necessary. (Cohen v. Biber, 123 App. Div. 528.)
The court is of the opinion, that it is not the bona fide purpose of this action to recover a judgment affecting the title to or the possession, use or enjoyment of real property. An examination of the allegations of the amended complaint herein fails to show that the action is one to recover such a judgment. It sets forth a purported cause of action at law for money damages and for fraud arising out of an alleged breach of contract. It is true the prayer for relief demands relief by the impression of an equitable lien (or trust) and other equitable relief. But the cases have consistently held that “ It is not the title of the action nor the prayer for judgment but the facts set out in the complaint which determine the kind and character of action. The action cannot be made an equitable one by the demand for relief if no facts are stated in the complaint which would justify equitable relief. ’ ’ (Sayer v. Wilstrop, 200 App. Div. 364, 371; Brox v. Riker, 56 App. Div. 388; Richards v. Chuba, 195 Misc. 732; Schwartz v. Ryder, 99 N. Y. S. 2d 491; Behrens v. Sturges, 121 App. Div. 746; Gross v. Price, 283 App. Div. 1107.) It is fundamental that a recovery must be secundum allegata et probata.
*348 The complaint, as a whole, in the case at bar, demonstrates that the action is brought merely to enforce a personal obligation of the defendant, Joseph Rae, which has no relation to the real property owned by the copartnership, Weinrose Associates, and it would seem to be clear that such an action is not brought to recover a judgment affecting the title to real property. (Brox v. Biker, supra.)
Significantly, as we have already stated supra, the amended complaint, moreover, affirmatively shows that the copartnership had no complicity in the alleged fraud. It alleges that Joseph Rae resold to the copartnership, at an enormous profit to Joseph Rae, the property in which Joseph Rae acquired the plaintiff’s 40% interest. Therefore, according to the amended complaint, by which plaintiff is bound, Joseph Rae’s alleged fraud was for his own benefit and was met on behalf of the copartnership, and the transaction by which the copartnership acquired the property was separate from that by which Joseph Rae allegedly defrauded the plaintiff. (See Matter of Peck, 206 N. Y. 55, 62; Matter of Stemmetz, 1 N. Y. S. 2d 601; Wrynn v. Pistor, 141 App. Div. 104; Credit Alliance Corp. v. Sheridan Theatre Co., 241 N. Y. 216, 220; Taylor v. Thompson, 74 App. Div. 320.)
That plaintiff dealt with Joseph Rae as an individual, is clearly evident from the amended complaint, and nowhere does he allege that he dealt with Joseph Rae as a representative of the copartnership. Therefore, there can be no basis for holding the copartnership liable for Rae’s alleged fraud. (Riley v. Larocque, 163 Misc. 423; see, also, Mara v. Browne, [1896] 1 Ch. 199, and Cerdes v. Reynolds, 28 N. Y. S. 2d 622.)
The action herein is not directed against the title to the property of the partnership, since no cause of action is alleged against it and it is not a party to the pleadings. Plaintiff’s argument that the copartnership and the Weintraubs should have moved to dismiss the amended complaint as insufficient in law, is without merit, since they were not made parties to the said pleading and there was not even an attempt to allege a cause of action against them therein, since the very purpose of the amended complaint was the retraction by plaintiff of the cause of action alleged against them in the original complaint.
No authorities need be cited for the well-established rule of law, that an amended pleading supersedes the original pleading. It follows that a defendant named in the original pleading and excluded from the amended pleading is not a party to the issues raised by the amended pleading. The titles of the respective pleadings best demonstrate the difference in respect to the parties, and plaintiff in his amended pleading is not suing the *349 copartnership, but merely the individual Louis Rosenberg, who happens to be one of the partners, and his designation as a copartner is merely descriptive and fails to constitute the action as one against the copartnership. (Saligman v. Ginsburg, 102 N. Y. S. 2d 142; Ruzicka v. Roger, 305 N. Y. 191, 197.)
Motions to cancel a lis pendens have been granted on the ground that the causes of action against the owners of the realty were essentially to recover money damages alone, even though the complaints demanded equitable liens against the real estate. (Richards v. Chuba, 195 Misc. 732, supra; Schwartz v. Ryder, 99 N. Y. S. 2d 491, supra; Behrens v. Sturges, 121 App. Div. 746, supra.) And in those cases, the plaintiffs at least attempted to allege a cause of action against the defendants who were the owners of the real estate affected by the lis pendens, although the lis pendens were cancelled because the causes of action failed to affect the defendants ’ title to such real property. In the case at bar, plaintiff does not even attempt to allege any cause of action against the copartnership which is the owner of the real estate, and much less, one which would affect the title to its realty.
In our opinion, even were plaintiff successful in establishing his claim against the defendant, Joseph Rae, plaintiff could not impress a trust upon the copartnership’s realty on the ground that Joseph Rae is a member of the copartnership, since the Partnership Law provides several safeguards for partnership assets, and seeks to keep the partnership business and assets free from the interference of claims against the individual partners. A partner has no personal right in any specific partnership property, and real estate owned by the partnership is considered personalty; partnership property is not subject to attachment or levy by a creditor or an individual partner; and a judgment creditor of an individual partner may only reach such partner’s interest through a charging order pursuant to section 54 of the Partnership Law, and a partner’s right in real estate owned by the partnership is considered personalty. (Matter of Dumarest, 146 Misc. 442; Partnership Law, § 51, subd. 2, pars, [a], [c]; § 54; Costello v. Costello, 209 N. Y. 252, 253, 259; Buckley v. Doig, 188 N. Y. 238, 254; Guillander v. Howell, 35 N. Y. 657, 661; La Russo v. Paladino, 109 N. Y. S. 2d 627, 630, affd. 280 App. Div. 988; Rosen v. Rosen, 126 Misc. 57; see ,also, Kean v. Manning, 128 F. Supp. 756, 758 and cases cited therein.)
It has been held that the judgment creditor of one of the partners may not enjoin a transfer of money deposited in the bank by the partnership, since such an injunction would be the equivalent of an actual levy on the partnership account, in contravention of section 51 (subd. 2, par. [c]) of the Partnership Law, and *350 that the only proper procedure is to subject the partner’s interest to a charging order under section 54 of the Partnership Law. (Rader v. Goldoff, 223 App. Div. 455.)
In the opinion of the court, the analogy between an injunction obtained by a creditor of an individual partner restraining the transfer of partnership funds, and a lis pendens against property of the partnership based on a claim, against an individual partner, seems clear. The Us pendens, no less than the injunction, destroys the rights and property of the partnership itself as distinguished from the rights of the individual partner against whom the claim is made. (See Ruzicka v. Rager, supra.)
Where the real estate which was the subject of the action, was purchased with partnership funds, and the plaintiffs asked an adjudication that the defendants held title for the benefit of the copartnership, the Us pendens in each such case was upheld, since it was filed in behalf of the partnership and was not destructive of the copartnership interest. (Roedel v. Roedel, 2 Misc 2d 558, affd. 3 A D 2d 623; Walsh v. Henning, 160 N. Y. S. 2d 471.) However, in those cases, the Us pendens did not affect the interest of any innocent third party as in the case at bar.
Whether partnership realty is considered personalty or realty as between the partners, cannot alter the fact that a claimant against any individual partner may not attach or interfere with any of the partnership assets (Partnership Law, § 51, subd. 2, par. [c]). Plaintiff’s claim that he is entitled to a decree awarding bim an “ undivided interest ” in Rae’s interest in the partnership, is without merit, since the invalidity of any such decree is made obvious by the fact that it would constitute the plaintiff as an uninvited partner in Weinrose Associates. Partners are created by voluntary agreement of the partners; and innocent partners are not compelled to accept as an unwelcome member of their partnership a creditor of one of the partners.
It is manifest, that in the case at bar, plaintiff is attempting to destroy the rights of the partnership in the realty it owns, despite the fact that plaintiff has no cause of action against the partnership itself or any of the copartners other than the defendant, Joseph Rae (who is a copartner- through the agency of his brother, the defendant Louis Rosenberg). The relationship of the copartnership to the dispute between the plaintiff and the defendant, Joseph Rae, is so remote, that to permit the Us pendens herein to remain, would be violative of the rights of the copartnership, since plaintiff’s action is not one within the purview of section 120 of the Civil Practice Act under which the filing of a lis pendens may be justified. (See Kuperman v. Kuperman, 144 N. Y. S. 2d 892.) Consequently, since the amended com *351 plaint fails to allege any cause of action against the copartnership which would affect the title of the copartnership to the real property, the lis pendens herein must be vacated as a matter of law.
The failure of the plaintiff to commence or prosecute the action in good faith, under the provisions of section 123 of the Civil Practice Act, empowers the court, in the exercise of discretion, to cancel a lis pendens upon the application of any person aggrieved.
Based upon the facts disclosed by the record in the case at bar, the court finds that there is merit for defendant’s contention that “ The infirmities of plaintiff’s claim against the defendant, Joseph Bae, make it clear that this action was commenced with little hope of eventually establishing the same, but solely for the purpose of filing a lis pendens which would tie up the copartnership property so completely as to force a settlement without plaintiff being required to .prove his claim”. (See 63rd St. Theatres v. Mansion Estates, 137 Misc. 285, affd. 230 App. Div. 827.)
The baselessness of the grave charges of fraud alleged against the copartnership and the Weintraubs in plaintiff’s original complaint to justify the filing of a lis pendens against the copartnership property, and the utter lack of any foundation or justification for the allegation of such charges, confirmed by plaintiff’s complete retraction thereof in his amended complaint, which contains no allegation whatever against the copartnership or the Weintraubs, demonstrate plaintiff’s lack of good faith in the commencement and prosecution of this action, in the opinion of this court. Plaintiff’s want of good faith seems further confirmed by his failure to withdraw his lis pendens when he withdrew said charges and by his filing the Us pendens against the copartnership property on November 20, 1958, without any authorization in law or in fact to sustain the filing thereof.
This court is of the opinion, that plaintiff employed his lis pendens as a device whereby he used the copartnership property to obtain large sums of money from purchasers of some of the property as the price for the release of his Us pendens against the parcels so purchased. This was not consistent with good faith. (Israelson v. Bradley, 308 N. Y. 511, 516, supra.)
Furthermore, it appears that plaintiff is violating the very agreement of joint venture which he is seeking to specifically enforce herein and upon which his entire action is predicated, since he has purchased for his own benefit, in the area exclusively covered by such alleged oral agreement, property which he is withholding from the joint venture (assuming there was any *352 such agreement of joint venture) and that he further has covenanted to procure property in such area for third parties in violation of the same alleged joint venture. Thus, even as against the defendant, Joseph Bae, and wholly apart from the fact that plaintiff alleges no cause of action herein against the copartnership owner of the realty, the plaintiff must fail as a matter of law, since he comes into court with unclean hands and is violating the very agreement he seeks to enforce herein and upon which his entire cause of action against the defendant, Joseph Bae, is predicated. (See Billingsley v. Illich, 75 N. Y. S. 2d 913, affd. 272 App. Div. 1063; Smith v. Maine, 145 Misc. 521; Fogel v. Bolet, 194 Misc. 1019.)
It appears that the copartnership and the Weintraubs filed appearances only in pursuance of the original summons and complaint in which they were expressly named as defendants and were charged with participation in the alleged fraud, and that there were no appearances by them in connection with the amended complaint which omitted naming them as defendants and retracted the charges originally made against them.
Upon the record before the court, it is of the opinion that plaintiff’s deliberate and prolonged delays have confirmed plaintiff’s lack of good faith in the commencement and in the prosecution of this action, and for all of the reasons herein stated, the Us pendens filed by plaintiff on July 10, 1958 and on November 20, 1958, are hereby cancelled and vacated.
Submit order.