Clare J. Hoyt, J.
Defendants move by an order to show cause to have a lis pendens vacated and cancelled on the ground that the complaint is not one seeking a judgment affecting title to, possession, or use or enjoyment of real property.
The original complaint filed with the lie pendens alleges that the plaintiff is the owner of certain lots in the City of Yonkers and that the defendants wrongfully removed quantities of earth therefrom, depreciating and damaging plaintiff’s property in the amount of $3,830. The plaintiff seeks treble damages and further alleges that the defendants are developers, that they have sold many lots with improvements thereon, that they still OAvn a few lots, against which the lis pendens was filed, and that upon the sale of these lots the defendants will be a shell corporation with no assets to satisfy a judgment. Plaintiff alleges he has no remedy at law and seeks a money judgment for $11,490 and that such amount be adjudged a charge and lien-’ upon defendants’ remaining lands.
The plaintiff’s affidavit in opposition- to defendants’ moving papers has annexed to it a copy of an amended complaint. There is nothing to indicate that this amended complaint has *776 been served and filed. A lis pendens must stand upon the allegations of the complaint. (Bissell v. Taylor, 229 App. Div. 369 [4th Dept. 1930].) The original complaint is clearly devoid, of any equitable cause of action or relief and the lis pendens if based upon it would thus fail. The amended complaint, assuming it was filed, is also found to be insufficient to support the lis pendens.
By the amended complaint, the plaintiff makes further allegations that he sold the defendants certain lots and reserved title to certain soil stockpiled on them and further reserved the right to remove, to the level of a specified grade, earth and fill from these lots. The plaintiff also alleges that the defendants took this soil and earth belonging to plaintiff and took soil from other lots retained by the plaintiff to improve lots belonging to the defendants, some of which the defendants have sold and some of which the defendants still own. The Us pendens is filed against the lots still owned by the defendants. The prayer for relief in the amended complaint is the same as in the original complaint, a money judgment of $11,490, treble the actual damages, with the prayer that an equitable lien be impressed upon the defendants’ lots.
For the plaintiff to sustain his lis pendens he must establish that his action is brought “ to recover a judgment affecting the title to, or the possession, use, or enjoyment of real property”. (Civ. Prae. Act, § 120.)
The plaintiff here brings an action at law in trespass for money damages for the wrongful use and removal of his property. This, by itself, clearly does not entitle him to file a Us pendens. The plaintiff maintains, however, that by seeking to have an equitable lien impressed upon the defendants’ property, he has the right to file a lis pendens. The purpose of the action remains one to recover a money judgment, treble the amount of the actual damages, and the plaintiff seeks the equitable lien because, as alleged, of the fear that the defendant may be a shell corporation and have no assets to satisfy a money judgment.
In Richards v. Chuba (195 Misc. 732) the court distinguished between complaints where the cause of action was at law although equitable relief was prayed for and complaints which properly sought equitable relief and ¡set forth facts showing that the purpose of. the actions was to affect real property.
“ An examination of the allegations of the complaint herein fails to show that the action is ope to recover a judgment affecting the title to, or the possession, use or enjoyment of real property. It sets forth a cause of action at law for money *777 damages and for fraud arising out of a breach of contract It is true the prayer for relief as prayed for in defendants’ cross motion demands relief by the impression of an equitable lien and foreclosure. But it has been held that ‘ It is not the title of the action nor the prayer for judgment but the facts set out in the complaint which determine the kind and character of the action. The action can not be made an equitable one by the demand for relief if no facts are stated in the complaint which would justify equitable relief.’ (Sayer v. Wilstrop, 200 App. Div. 364, 371; Brox v. Riker, 56 App. Div. 388; Behrens v. Sturges, 121 App. Div. 746.) ” (Richards v. Chuba, supra, p. 735.)
Neither the original nor the amended complaint alleges facts showing that the plaintiff is entitled to equitable relief and the Us pendens, thus, must he vacated and cancelled.