Clare J. Hoyt, J.
Plaintiff contracted to purchase real-property from defendants, to be conveyed in fee simple, free of all incumbrances except for an existing mortgage. Plaintiff paid $5,000 on the signing of the contract. Thereafter plaintiff discovered numerous incumbrances upon the title of the premises and demanded of defendants that the same be cleared of record prior to the conveyance. Upon defendants’ failure to do so, this action was instituted.
Plaintiff’s complaint alleges that “ plaintiff has elected and does now elect to rescind the said contract and to declare breach thereof and does now seek to recover the down payment made as aforesaid, the net cost of title examination and the reasonable attorneys’ fees incurred in connection with such transaction, together with appropriate interest thereon ’ ’. The contract is not attached to the complaint submitted with the motion papers.
This is an action to recover money damages and does not seek equitable relief. The prayer for relief demands judgment for $6,500 with interest and prays that the same be decreed as a lien against the premises.
When the action was instituted plaintiff filed a lis pendens under section 120 of the Civil Practice Act. Defendants now move to cancel and discharge the Us pendens.
The motion is granted. A Us pendens is a proper remedy in an action wherein the complaint seeks a judgment affecting title to, possession, or use or enjoyment of real property (Civ. Prac. Act, § 120). A Us pendens must stand upon the allegations of the cdmplaint (Bissell v. Taylor, 229 App. Div. 369). As heretofore stated, the complaint seeks money damages although the prayer for relief requests a lien be decreed. However, in deciding a motion to cancel-a Us pendens, the court may look only at the cause of action alleged and not at the demand for judgment (Kauffman v. Simis, 156 App. Div. 208; Richards v. Chuba, 195 Misc. 732; Tavolacci v. Valentine Enterprises, 34 Misc 2d 775).
A Us pendens may be filed in an action seeking to establish and impress an equitable lien upon real property (Schomacker v. Michaels, 189 N. Y. 61), but the facts alleged in the complaint in the case at bar are not sufficient in law to support an equitable lien (see Andrews v. Hancock, 128 Misc. 800). Neither does the plaintiff here seek to foreclose a vendee’s lien (Metz v. Forest Hill Homes, 196 Misc. 623). On the complaint before the court, the Us pendens may not stand.