Domestics: L. G-abeiellt, J.
On November 2,1960, the defendant landowners conveyed certain lands to the defendant, Canandaigua Enterprises Corporation. Prior thereto, these defendants, Everett I. Blazey, Elizabeth M. Blazey, Seth D. King, Jean S. King and Harvey Stewart, as executor of the estate of Mabel Stewart Webber (hereinafter called' defendant landowners), had given options to purchase these lands to one Eugene Hartung. It is nowhere alleged that these options, nor any other options mentioned in the complaint, were ever assigned or transferred to the plaintiff. Hartung did, however, assign these options to one Maguire and they were subsequently assigned to the defendant, Finger Lakes Racing Assn. Inc.
These prior assignments had expired by their terms on June 15, 1959. The defendant landowners then gave options directly to the defendant, Finger Lakes Racing Assn. Inc. These options expired on January 1, 1960.
As the result of another action brought by this plaintiff against the Finger Lakes Racing Assn. Inc., an agreement of settlement was executed between the parties to that action, in which the subject of the last options above mentioned were described and made a part of the agreement. It is interesting to note that the options therein recited were given by these defendant landowners to Finger Lakes Racing Assn. Inc. and that the plaintiff assigned Ms rights in these options to Finger Lakes, who already actually owned them, by the very terms of the assignments.
It is important to note that any and all assignments referred to, including those dated June 15,1959 all expired by January 1, 1960; and that the conveyance made by the defendant landowners to Canandaigua was made thereafter and in November, 1960.
The defendant landowners have asked that the lis pendens filed be cancelled for the reasons that the complaint does not state facts sufficient to constitute a cause of action and that the action is not one contemplated by the provisions of section 120 of the Civil Practice Act, which provides as follows: “In an action brought to recover a judgment affecting the title to, or the possession, use, or enjoyment of real property * ~ * the plaintiff * * * may * * * file in the clerk’s office of each county where the property is situated a notice of the pendency of the action ”.
It is well to here point out that the Us pendens as filed, is indexed only against the defendant landowners, and not against any other named defendants.
The claim of the defendant landowners that the complaint does not state facts sufficient to constitute a cause of action *270 against them, is well taken. An examination of the pleadings clearly shows that no cause of action is spelled out against them and it is, therefore, a nullity as to these defendants.
What duty evolved upon the defendant landowners? What obligation did they have to this plaintiff? What could they be charged with that would spell out any claim against them by the plaintiff? The options described in the complaint had all expired. This was particularly true when the lands were sold to Canandaigua and when the action was begun. The options by their very terms were assignable. There is no showing that this plaintiff at any time owned the options. There was no privity (nor is any claimed) as far as the defendant landowners are concerned. There was no contractual or other relationship between the plaintiff and the defendant landowners. There was no prohibition against assignment in Exhibit “ B ” attached to the complaint.
We are not here concerned with the validity of any lis pendens which plaintiff might have filed, at any time, against any of the other defendants. Suffice it to say, none was so filed.
Neither are we here concerned with the validity of the plaintiff’s complaint against any of the other defendants. Whether the plaintiff has a valid claim against the other defendants for money damages, or for any other relief, is not now before us.
If, however, the claim of the defendant landowners on this motion to cancel the lis pendens rested solely on the basis that the complaint is faulty, that, in and of itself would not automatically permit a cancellation of the Us pendens.
Section 123 of the Civil Practice Act provides as follows: “ [A]fter the action is settled, discontinued, or abated, or final judgment is rendered therein against the party filing the notice, and the time to appeal therefrom has expired * * * the court, in its discretion, upon the application of any person aggrieved and upon such notice as may be directed or approved by it, may direct that a notice of pendency of an action be cancelled of record.”
It has long been the rule that there is authority to cancel a lis pendens only if (1) the complaint has been dismissed by order or judgment “ and the time to appeal therefrom has expired ” (Civ. Prac. Act, § 123), or (2) if it shall appear that the action is not one “ brought to recover a judgment affecting title to, or the possession, use, or enjoyment of real property ” (Civ. Prac. Act, § 120). (Lindheim & Co. v. Central Nat. Realty Constr. Co., 111 App. Div. 275; Marpret Constr. Corp. v. Hargust, 214 App. Div. 792; St. Regis Paper Co. v. Santa Clara Lbr. Co., 62 App. Div. 538; Schlaifer v. Shelby-Coleridge, 206 *271 Misc. 315; 220 East 56th St. Corp. v. Excelsior Sav. Bank, 253 App. Div. 345.)
Although no express authority is given for the cancellation of a lis pendens because the action is not one in which it may properly be filed, the vesting of such power in the court must be assumed. (Richards v. Chuba, 195 Misc. 732; Schomacker v. Michaels, 189 N. Y. 61, 64.)
We shall, therefore, direct our attention to the claims of the plaintiff insofar as they relate to the requirements set forth in section 120 of the Civil Practice Act.
The prayer for relief in the complaint seeks (a) in the first three causes of action, the appointment of a receiver and the collection of $200,000; a declaration of the assignment of certain options to Canandaigua by Finger Lakes Racing Assn., Inc., null and void; an injunction against Finger Lakes restraining them from assigning any options; and an injunction against the defendant landowners restraining them from transferring the property (already conveyed) without payment to the plaintiff; and (b) in the fourth and fifth causes of action, money damages in the sum of $125,000; for an accounting; the declaration that the defendants are trustees of said land for the benefit of the plaintiff; and for the other equitable relief set forth in the first three causes of action.
It must be remembered, however, that if the facts alleged in the complaint are not .sufficient to make it an action contemplated by section 120 of the Civil Practice Act the prayer for relief cannot make it such. (Krainin v. Coffey, 119 App, Div. 516; Kauffman v. Simis, 156 App. Div. 208; Richards v. Chuba, supra; Brox v. Riker, 56 App. Div. 388; Sayer v. Wilstrop, 200 App. Div. 364, 371.)
Applications to discharge or cancel a lis pendens have been permitted and granted on the ground that the cause of action against the owner of land was essentially one to recover money damages only, or where an examination of the complaint showed it was not truly one of the actions described in section 120 of the Civil Practice Act, even though the complaint demanded equitable relief and liens against the real estate. (Behrens v. Sturges, 121 App. Div. 746; Schwartz v. Ryder, 99 N. Y. S. 2d 491; Richards v. Chuba, supra.)
In determining this question (whether this is an action contemplated by section 120 of the Civil Practice Act) — and in examining the complaint, we should ask the questions: In what real property — or right thereto — does the complaint show that the plaintiff had a claim for the “ title to, or the possession, use, or enjoyment of real property ”? Does the plaintiff show *272 (or even claim) that he had a vendee’s lien in the land or options? Was there any contractual relationship between the plaintiff and the defendant landowners? Is there any privity spelled out insofar as the defendant landowners and the plaintiff are concerned? Have these defendant landowners been charged with doing anything with the real property, which they had no right to do? Have they been charged with committing or failing to do any act which was forbidden? The answers to these questions must be in the negative.
On the other hand, an examination of the complaint will reveal that the following questions must be answered in the affirmative: Were the options assignable? Had the options described in Exhibit “B” attached to the complaint expired prior to the alleged assignment to Canandaigua or the sale by the defendant landowners to Canandaigua? Is any claim the plaintiff might have against the remaining defendants, unaffected by the “ title to, or the possession, use or enjoyment of real property ”?
An examination of the complaint herein fails to show it is in fact one of the actions contemplated by section 120 of the Civil Practice Act. The demand for relief, at first blush, might indicate that they are proper, but the prayer for relief is entirely inconsistent with the allegations of the complaint. It is fundamental that a recovery must be secundum allegata et probata. The lis pendens against the defendant landowners should not stand. (See Brox v. Riker, 56 App. Div. 388 [1st Dept.], supra; Behrens v. Sturges, 121 App. Div. 746 [1st Dept.]; Krainin v. Coffey, 119 App. Div. 516 [2d Dept.], supra; Bissell v. Taylor, 229 App. Div. 369 [4th Dept.]; Weisinger v. Rae, 19 Misc 2d 341.)
Submit order directing the cancellation of the lis pendens.