FIRST DEPARTMENT, JANUARY, 1978

(January 5, 1978)

RUTA EXPORTACIONES AGROPECUARIES LIMITADA, Appellant, v OVERSEAS FRUIT CORPORATION et al., Respondents.—Judgment, Supreme Court, New York County, entered April 22, 1977, denying petitioner's motion to vacate a levy of attachment upon its property and to recover damages caused by the levy, unanimously reversed, on the law, vacated and the levy of attachment vacated and the matter remanded for a hearing on the question of damages. Petitioner-appellant shall recover of respondents-respondents $40 costs and disbursements of this appeal. Addressing ourselves

to the question of the validity of the attachment and any damages that may stem therefrom, it seems that in an action brought by Overseas Fruit against Ruiz Tagle, Overseas obtained a warrant of attachment upon the property of Tagle, a nonresident, for jurisdictional purposes. Later they instructed the Sheriff to levy upon the property of Ruta Exportaciones Agropecuaries Limitada as property of Tagle. Ruta was formed under Chilean law and though its registration certificate uses words as "corporate" and "limited responsibility", it is clearly meant to be a partnership. The company notified Overseas of its legal status and demanded that the levy be withdrawn. Ruta now seeks damages arising from the levy of attachment on the basis that it was invalid. In a partnership, the property interests, skills and risks become commingled, thus a partner does not have a personal right in any specific property of the venture (Weisinger v Rae, 19 Misc 2d 341). The New York State Partnership Law clearly sets forth the nature of a partner's right in specific partnership property at section 51 (subd 2, par [c]). "A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership." It is nowhere contended here that Ruta was ever a party defendant in the action against Tagle. The trial court, without searching further, seized upon an affinity between Tagle and Ruta based upon similarities of names and addresses, finding them sufficient to satisfy judicial fiat. It is undisputed that Tagle had an interest in Ruta but the type of interest and the nature of the organization, and its nonjoinder should have alerted the trial court to the need for exploration. The levy was invalid from its inception, and during the several months in which the levy was in force, Ruta claims that the operation of its business was impaired, its credit jeopardized, and that it was caused to lose profits. The validity of the levy of attachment having been determined, it remains to the trial court to ascertain the existence and/or extent of damages. Concur—Murphy, P. J., Birns, Evans and Lane, JJ.